■ In the Matter of MARGOT HIGUCHI, Petitioner, v JOHN J. BROWN, Respondent, and HOWARD E. SAYETTA, as Law Guard-

ian, Appellant. [611 NYS2d 625] —In a proceeding pursuant to Domestic Relations Law § 72, the Law Guardian for the children appeals from an order of the Family Court, Nassau County (DeMaro, J.), dated May 20, 1992, which, after a hearing, denied the maternal grandmother's petition for visitation.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner commenced this proceeding pursuant to Domestic Relations Law § 72 to obtain visitation with her grandchildren, despite the objections of the natural father, the respondent herein. The petitioner's daughter, who is the children's natural mother and the respondent's wife, disappeared on December 12, 1990. The Family Court correctly found that the disappearance of the petitioner's daughter was a circumstance "[in] which equity would see fit to intervene" (Domestic Relations Law § 72).

However, there is sufficient evidence in the record to support the Family Court's determination that such visitation would not be in the children's best interest (see, *Matter of Emanuel S. v Joseph E.,* 78 NY2d 178; *Lo Presti v Lo Presti,* 40 NY2d 522). The evidence established that the petitioner believed that the respondent was responsible for the disappearance of the children's mother and communicated these suspicions to others, including the respondent. The independent evaluators recommended supervised visitation because of the risk that the petitioner would convey her suspicions to the children. Further, the respondent testified that the petitioner made him uncomfortable and irritable and that if he had to deal with her it would affect how he deals with his children on a day-to-day basis. The Family Court found that visitation with the petitioner would be detrimental because it would confuse the children in their relationship and feelings for their father and would create great difficulty for the respondent to properly raise the children. Further, the Family Court held that it would not place the children at further risk in view of the loss that they had already suffered. Since there was sufficient evidence in the record to support the Family Court's exercise of discretion, we decline to disturb its determination. Bracken, J. P., O'Brien, Santucci and Joy, JJ., concur.