■ In the Matter of MICHELLE DIBERARDINO, Respondent, v PATRICIA DIBERARDINO et al., Appellants. [645 NYS2d 848] —In a child visitation proceeding pursuant to Family Court Act article 6, the grandparents appeal from a modified order of the Family Court, Westchester County (Spitz, J.), entered April 25, 1995, which terminated their visitation with the subject child. Application by the Law Guardian to dismiss the appeal on the ground that the appendix contains material dehors the record or, in the alternative, to strike pages 26-65 of the Appendix.

Ordered that the application is granted to the extent that pages 26-65 of the Appendix are stricken, and the application is otherwise denied; and it is further,

Ordered that the modified order is affirmed, without costs or disbursements.

The petitioner Michelle DiBerardino (hereinafter the mother) brought this proceeding to terminate the visitation rights of her parents, the appellants Patricia and Arthur DiBerardino (hereinafter the grandparents), with her daughter Jessica, age 6. After a hearing, the Family Court held that in view of the animosity between the mother and grandparents, coupled with family dysfunction, it was in Jessica's best interest to terminate grandparent visitation. On appeal, the grandparents contend that this finding was unsupported by the record. We disagree.

The question of whether visitation should be granted lies within the discretion of the trial court and must "be determined in the light of what is required in the best interest of the child"

(*Lo Presti v Lo Presti,* 40 NY2d 522, 527; *see also, Matter of Higuchi v Brown,* 204 AD2d 452). In making such a determination, the court must minister to the needs of the children according to an enlightened, objective, and independent evaluation of the circumstances (*see, Matter of Ehrlich v Ressner,* 55 AD2d 953). Moreover, the Court of Appeals has recognized that " ' "[v]isits with a grandparent are often a precious part of a child's experience and there are benefits which devolve upon the grandchild * * * which he cannot derive from any other relationship" ' " (*Matter of Emanuel S. v Joseph E.,* 78 NY2d 178, 181, quoting *Matter of Ehrlich v Ressner, supra,* at 953). While the existence of animosity between the parties alone cannot provide a basis for denying visitation rights (*see, Matter of Layton v Foster,* 95 AD2d 77), animosity coupled with family dysfunction may provide a basis for denying visitation rights (*see, Matter of Gloria R. v Alfred R.,* 209 AD2d 179).

In this case, there is sufficient evidence in the record to support the Family Court's determination that visitation would not be in Jessica's best interest. The evidence established deep-rooted animosity between the parties, as well as significant degrees of dysfunction, thus warranting the termination of visitation. Sullivan, J. P., Santucci, Joy and Hart, JJ., concur.