■ In the Matter of BARBARA E. HOROWITZ, Appellant, v DENISE KELLY et al., Respondents. [751 NYS2d 785] —In a proceeding pursuant to Domestic Relations Law § 72, the petitioner appeals from so much of an order of the Supreme Court, Nassau County (Stack, J.), entered December 20, 2001, as denied, without a hearing, her petition for grandparental visitation. The appeal brings up for review so much of an order of the same court, entered February 26, 2002, as, upon reargument, adhered to its original determination (*see* CPLR 5517 [b]).

Ordered that the appeal from the order entered December 20, 2001, is dismissed, as that order was superseded by the order entered February 26, 2002, made upon reargument; and it is further,

Ordered that the order entered February 26, 2002, is affirmed insofar as reviewed; and it is further,

Ordered that the respondent Denise Kelly is awarded one bill of costs.

Since the parents of the child who is the subject of this visitation proceeding are living, the petitioner, the child's paternal grandmother, was required to establish that she had standing by demonstrating that circumstances exist under which "equity would see fit to intervene" (Domestic Relations Law § 72; *see Matter of Emanuel S. v Joseph E.,* 78 NY2d 178). Under the circumstances of this case as they currently exist, the petitioner failed to demonstrate that equitable considerations warrant judicial intervention for the increased visitation she seeks. Consequently, the Supreme Court providently exercised its discretion in denying the petition without a hearing. Altman, J.P., S. Miller, Adams and Mastro, JJ., concur.