■ In the Matter of JOANN S. MARKS, Respondent, v ANTHONY CASCIO et al., Appellants. [808 NYS2d 261]—

In a proceeding pursuant to Domestic Relations Law § 72 for grandparent visitation, the parents appeal, by permission, as limited by their brief, from so much of an order of the Family

Court, Suffolk County (James, R.), dated February 22, 2005, as denied that branch of their motion which was to dismiss the paternal grandmother's petition without a hearing.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, and the branch of the motion which was to dismiss the paternal grandmother's petition without a hearing is granted.

In considering whether a grandparent is entitled to visitation under Domestic Relations Law § 72 where both parents are alive, the Family Court must determine, first, whether equitable circumstances exist which provide the grandparent with standing and, if such circumstances exist, whether visitation would be in the grandchild's best interest (*see* Domestic Relations Law § 72; *Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 181 [1991]; *Matter of Knight v Griffith*, 13 AD3d 449 [2004]; *Matter of Horowitz v Kelly*, 300 AD2d 659 [2002]). Under the particular circumstances of this case, a hearing was not necessary to determine whether the grandmother had the requisite standing. Ritter, J.P., Goldstein, Skelos and Lifson, JJ., concur.