■ In the Matter of LAURA ROBERTS, Appellant, v SCOTT M. ROBERTS, JR., et al., Respondents. [917 NYS2d 370]—

Malone Jr., J. Appeal from an order of the Family Court of Washington County (McKeighan, J.), entered April 15, 2010, which, in a proceeding pursuant to Family Ct Act article 6, granted a motion by the attorney for the child and respondent Meghan LaCross to dismiss the petition.

Petitioner is the paternal grandmother of the subject child (born in 2009). The child's mother, respondent Meghan LaCross (hereinafter the mother), has had sole physical custody of the child since birth and has an acrimonious relationship with petitioner.[1] Petitioner commenced this proceeding pro se in December 2009, seeking visitation with the child.[2] Thereafter, the attorney for the child moved to dismiss the proceeding on the basis that petitioner lacked standing, which motion was joined by the mother. Family Court granted the motion without a hearing and petitioner appeals.

As is relevant here, as a grandparent, petitioner has standing to seek visitation with the child if "circumstances show that conditions exist which equity would see fit to intervene" (Domestic Relations Law § 72 [1]). Standing is not automatic; the burden of establishing standing lies with the grandparent and it is "conferred by the court, in its discretion, only after it has examined all the relevant facts" (*Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 182 [1991]; *see Matter of Couse v Couse*, 72 AD3d 1231, 1232 [2010]). An examination of the relationship between the grandparent and the child is "essential" and the grandparent must allege more than "love and affection for [his or her] grandchild. [He or she] must establish a sufficient existing relationship with [his or her] grandchild, or in cases where that has been frustrated by the parents, a sufficient effort to establish one, so that the court perceives it as one deserving of the court's intervention" (*Matter of Emanuel S. v Joseph E.*, 78 NY2d at 182). A hearing to determine the issue of standing is not necessary where there are no triable issues of fact raised in the submitted papers (*see* CPLR 409 [b]; *Karr v Black*, 55 AD3d 82, 83 [2008], *lv denied* 11 NY3d 712 [2008]; *Matter of Marks v Cascio*, 24 AD3d 556, 557 [2005]).

Here, petitioner acknowledges that she has no existing relationship with the child, but blames the mother for that lack of relationship, alleging that her "access to the child has been routinely and systematically denied" by the mother. However, the record reflects that, in May 2009, petitioner was prohibited

---

**1.** The child's father, respondent Scott Roberts Jr., is seeking custody and/or visitation with the child in related proceedings not at issue here.

**2.** Following an appearance in Family Court, petitioner, then represented by counsel, filed an amended petition in February 2010.

from having any contact with the child pursuant to a temporary ex parte order of protection issued by Family Court (Pritzker, J.). With petitioner's consent, in July 2009, Family Court (McKeighan, J.) issued another order of protection that, among other things, prohibited petitioner from having contact or communication with the mother until July 2011 and prohibited her from having contact with the child until December 15, 2009. Thus, contrary to petitioner's contentions, for all but the first three months of the child's life it was not the mother that interfered with petitioner's ability to form a relationship with the child but, rather, the orders of protection, which were issued by the court as a result of petitioner's own conduct. Moreover, although her amended petition was filed two months after the expiration of the second order of protection, petitioner did not specifically allege what efforts she had made in that time to establish a relationship with the child. Instead, she alleged generally that she had "resumed [her] requests to have contact with" the child to no avail and that she had opened a savings account for the child and purchased various gifts. Accordingly, petitioner did not demonstrate that a triable issue of fact exists with respect to whether "conditions exist which equity would see fit to intervene" (Domestic Relations Law § 72 [1]). As such, Family Court did not abuse its discretion by dismissing the petition without a hearing.

Mercure, J.P., Peters, Spain and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.