■ In the Matter of STANLEY C. LIPTON, Appellant, v BETH LIPTON et al., Respondents. [949 NYS2d 501]—

In a proceeding pursuant to Family Court Act article 6 for grandparent visitation, the grandfather appeals from an order of the Family Court, Kings County (Gruebel, J.), dated September 1, 2011, which, without a hearing, granted the parents' motion to dismiss the petition based on lack of standing.

Ordered that the order is affirmed, without costs or disbursements.

In considering whether a grandparent has standing to petition for visitation based upon "circumstances show[ing] that conditions exist which equity would see fit to intervene" (Domestic Relations Law § 72 [1]), "an essential part of the inquiry is the nature and extent of the grandparent-grandchild relationship," among other factors (*Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 182 [1991]; *see Matter of Agusta v Carousso*, 208 AD2d 620 [1994]). In cases where such a relationship has been frustrated by a parent, the grandparent must show, inter alia,

that he or she has made "a sufficient effort to establish [a relationship with the child], so that the court perceives [the matter] as one deserving the court's intervention" (*Matter of Emanuel S. v Joseph E.*, 78 NY2d at 182; *see Matter of Agusta v Carousso*, 208 AD2d at 620). In assessing the sufficiency of the grandparent's efforts, "what is required of grandparents must always be measured against what they could reasonably have done under the circumstances" (*Matter of Emanuel S. v Joseph E.*, 78 NY2d at 183; *see Matter of Agusta v Carousso*, 208 AD2d at 620). In addition to these considerations, "the nature and basis of the parents' objection to visitation are among the several circumstances which should be considered by courts deciding the standing question" (*Matter of Emanuel S. v Joseph E.*, 78 NY2d at 182). "A hearing to determine the issue of [grandparent] standing [to seek visitation] is not necessary where there are no triable issues of fact raised in the submitted papers" (*Matter of Roberts v Roberts*, 81 AD3d 1117, 1118 [2011]; *see* CPLR 409 [b]).

Here, the Family Court properly granted the parents' motion to dismiss the petition, without a hearing, based on the grandfather's lack of standing. The Family Court, applying the correct standard and considering all of the relevant circumstances of this case, properly found that this is not a matter in which equitable standing should be conferred (*see* Domestic Relations Law § 72; *Matter of Roberts v Roberts*, 81 AD3d at 1118; *Matter of Kalkstein v Rist*, 78 AD3d 947 [2010]; *see also Matter of Fondanarosa v Grimm*, 58 AD3d 840, 841 [2009]).

The grandfather's remaining contention is not properly before this Court, as it was raised for the first time in his reply brief (*see Yeshiva Chasdei Torah v Dell Equity, LLC*, 90 AD3d 746, 747 [2011]; *Boddie-Willis v Marziliano*, 78 AD3d 978, 979 [2010]). Dillon, J.P., Leventhal, Austin and Roman, JJ., concur.