In the Matter of BARBARA GRAY, Appellant, v SUZANNE VARONE, Respondent. (Proceeding No. 1.) In the Matter of BARBARA GRAY, Appellant, v ROBERT VARONE, Respondent. (Proceeding No. 2.) [956 NYS2d 573]—

The petitioner, the maternal grandmother of the subject child, commenced these proceedings seeking visitation with the child pursuant to Domestic Relations Law § 72. The Family Court held a hearing on the issue of the petitioner's standing to seek

visitation, but, at the close of the petitioner's case, granted the parents' motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the petitions based upon her failure to establish a prima facie case as to standing.

When a grandparent seeks visitation pursuant to Domestic Relations Law § 72 (1), the court must make a two-part inquiry. First, it must find that the grandparent has standing, based on, inter alia, equitable considerations (*see Matter of E.S. v P.D.*, 8 NY3d 150, 157 [2007]; *Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 181 [1991]; *Matter of Ann M.C. v Orange County Dept. of Social Servs.*, 250 AD2d 190, 194 [1998]). If it concludes that the grandparent has established standing to petition for visitation, then the court must determine if visitation is in the best interests of the child (*see Matter of E.S. v P.D.*, 8 NY3d at 157; *Matter of Wilson v McGlinchey*, 2 NY3d 375, 380 [2004]; *Matter of Emanuel S. v Joseph E.*, 78 NY2d at 181; *Matter of Gort v Kull*, 96 AD3d 842, 843 [2012]).

Here, contrary to the parents' contention, the petitioner established a prima facie case of standing to seek visitation with the subject child. Through her testimony, the petitioner established, prima facie, the existence of a sufficient relationship with the child to warrant the intervention of equity (*see Matter of Gort v Kull*, 96 AD3d at 843; *see generally Matter of Emanuel S. v Joseph E.*, 78 NY2d at 182; *Matter of Ann M.C. v Orange County Dept. of Social Servs.*, 250 AD2d at 194). Further, the petitioner demonstrated, prima facie, that the parents' objection to contact between the child and the petitioner was based solely on animosity between the parties (*see generally Matter of Emanuel S. v Joseph E.*, 78 NY2d at 182; *Matter of Waverly v Gibson*, 79 AD3d 897, 899 [2010]; *cf. Matter of Canales v Aulet*, 295 AD2d 507 [2002]). Although "animosity coupled with family dysfunction may provide a basis for denying visitation rights," the "existence of animosity between the parties alone" cannot provide such a basis (*Matter of DiBerardino v DiBerardino*, 229 AD2d 539, 540 [1996]; *see Matter of E.S. v P.D.*, 8 NY3d at 157; *Matter of Layton v Foster*, 95 AD2d 77 [1983], *affd* 61 NY2d 747 [1984]).

Accordingly, the Family Court erred in granting the motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the petitions at the close of the petitioner's case, and we remit the matter for a continued hearing on the issue of standing, and, thereafter, if warranted, a hearing to determine whether visitation with the petitioner would be in the best interest of the subject child, and for a new determination of the petitions.

In light of our determination, we need not reach the petition-

er's remaining contentions. Skelos, J.P., Hall, Austin and Hinds-Radix, JJ., concur.