◾ In the Matter of Theresa A. Bender, Also Known as Terry A. Bender, et al., Appellants, v Lisa Cendali et al., Respondents. [968 NYS2d 175]—

In a proceeding pursuant to Domestic Relations Law § 72 for

grandparent visitation, the maternal grandparents appeal from an order of the Supreme Court, Westchester County (Colangelo, J.), dated August 17, 2012, which, without a hearing, in effect, denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

On February 10, 2012, the appellants commenced this proceeding pursuant to Domestic Relations Law § 72 for visitation with their then-10-year-old grandson, who is the son of their daughter, the respondent Lisa Cendali (hereinafter the mother), and the respondent John Cendali (hereinafter together the parents). The Supreme Court, in effect, denied the petition and dismissed the proceeding on the ground that the appellants lacked standing to seek visitation since they failed to show that conditions exist in which equity would see fit to intervene (*see* Domestic Relations Law § 72 [1]).

In a grandparent visitation proceeding, "the burden of establishing standing lies with the grandparent and it is 'conferred by the court, in its discretion, only after it has examined all the relevant facts' " (*Matter of Roberts v Roberts*, 81 AD3d 1117, 1118 [2011], quoting *Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 182 [1991]). In determining whether grandparents have standing or a right to be heard on a petition for visitation with a grandchild, the essential components to the inquiry are the "nature and extent of the grandparent-grandchild relationship" (*Matter of Emanuel S. v Joseph E.*, 78 NY2d at 182) and "the nature and basis of the parents' objection to visitation" (*id.*). "The evidence necessary will vary in each case but what is required of grandparents must always be measured against what they could reasonably have done under the circumstances" (*id.* at 183; *see Matter of Agusta v Carousso*, 208 AD2d 620, 621 [1994]). A hearing to determine the issue of standing is not necessary where the submitted papers do not raise a triable issue of fact (*see Matter of Lipton v Lipton*, 98 AD3d 621, 622 [2012]).

Here, the Supreme Court providently exercised its discretion in, in effect, denying the petition and dismissing the proceeding. While it is undisputed that the appellants have enjoyed a relationship with their grandson since his birth, they failed to demonstrate that either or both of the parents, who divorced in 2011, terminated or frustrated their visitation with their grandson. It is undisputed that the appellants had visitation with their grandson on February 4, 2012, just six days before commencing this proceeding. Regarding that particular visit, although the appellants were upset that they received only Saturday visitation instead of the customary overnight alternate

weekend visitation, the mother represented that she encourages and supports the grandparent-grandchild relationship and has no intention of depriving the appellants of visitation with their grandson, although sometimes schedules may conflict, necessitating changes. Under these circumstances, the Supreme Court providently exercised its discretion in, in effect, denying the petition and dismissing the proceeding on the ground of lack of standing. Angiolillo, J.P., Balkin, Dickerson and Cohen, JJ., concur.