■ In the Matter of ROXANNE TROIANO et al., Appellants, v EDMUND J. MAROTTA et al., Respondents. [6 NYS3d 610]—

Appeal from an order of the Family Court, Rockland County (Sherri L. Eisenpress, J.), entered December 13, 2013. The order denied a petition pursuant to Family Court Act article 6 for grandparent visitation.

Ordered that the order is affirmed, without costs or disbursements.

A court determining a petition for grandparent visitation must undertake a two-part inquiry. First, it must determine whether the grandparent has standing to petition for visitation rights (*see* Domestic Relations Law § 72 [1]; *Matter of E.S. v P.D.*, 8 NY3d 150, 157 [2007]; *Matter of Feldman v Torres*, 117 AD3d 1048, 1048 [2014]). If the grandparent establishes standing, the court then must determine whether visitation is in the best interests of the subject child (*see Matter of E.S. v P.D.*, 8 NY3d at 157; *Matter of Pinsky v Botnick*, 105 AD3d 852, 854 [2013]).

In considering whether a grandparent has standing to petition for visitation based upon "circumstances show[ing] that conditions exist which equity would see fit to intervene" (Domestic Relations Law § 72 [1]), "the essential components to the inquiry are the 'nature and extent of the grandparent-grandchild relationship' and 'the nature and basis of the parents' objection to visitation' " (*Matter of Bender v Cendali*, 107 AD3d 981, 982 [2013], quoting *Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 182 [1991]). "In cases where such a relationship has been frustrated by a parent, the grandparent must show, inter alia, that he or she has made 'a sufficient effort to establish [a relationship with the child], so that the court perceives [the matter] as one deserving the court's intervention' " (*Matter of Lipton v Lipton*, 98 AD3d 621, 622 [2012], quoting *Matter of Emanuel S. v Joseph E.*, 78 NY2d at 182; *see Matter of Brancato v Federico*, 118 AD3d 986, 987 [2014]). " 'The evidence necessary will vary in each case but what is required of grandparents must always be measured against what they could reasonably have done under the circumstances' " (*Matter of Bender v Cendali*, 107 AD3d at 982, quoting *Matter of Emanuel S. v Joseph E.*, 78 NY2d at 183).

Here, the Family Court properly determined that the grandfather lacked standing to seek visitation with the grandchildren (*see Matter of Lipton v Lipton*, 98 AD3d at 622). The grandfather failed to demonstrate that the mother frustrated his visitation with the grandchildren (*see Matter of Bender v Cendali*, 107 AD3d at 982). Indeed, it is undisputed that the mother had asked the grandfather to visit with the

grandchildren, and that he only refused because the mother did not want the grandmother to accompany him.

While the grandmother had standing to seek visitation with the grandchildren, there is a sound and substantial basis in the record supporting the Family Court's conclusion that visitation with the grandmother is not in the best interests of the grandchildren (*see Matter of Wilson v McGlinchey*, 2 NY3d 375, 382 [2004]; *Matter of Decoursy v Poplawski*, 61 AD3d 974, 974 [2009]).

The grandparents' remaining contentions either are without merit or are not properly before this Court.

Accordingly, the Family Court properly denied the grandparents' petition for visitation. Skelos, J.P., Balkin, Roman and Hinds-Radix, JJ., concur.