■ In the Matter of NAOMI MOSKOWITZ et al., Appellants, v RACHEL MOSKOWITZ et al., Respondents. [9 NYS3d 674]—

Appeal from an order of the Family Court, Kings County (Daniel Turbow, J.), dated April 3, 2014. The order, without a hearing, denied the petition pursuant to Domestic Relations Law § 72 (1) for grandparent visitation with the six subject children and dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

"When a grandparent seeks visitation pursuant to Domestic Relations Law § 72 (1), the court must make a two-part inquiry" (*Matter of Brancato v Federico*, 118 AD3d 986, 986 [2014] [internal quotation marks and citation omitted]). "First, it must find that the grandparent has standing, based on, inter alia, equitable considerations" (*id.* at 986 [internal quotation marks and citation omitted]). "If it concludes that the grandparent has established standing to petition for visitation, then the court must determine if visitation is in the best interests of the child" (*Matter of Gray v Varone*, 101 AD3d 1122, 1123 [2012]).

"In considering whether a grandparent has standing to petition for visitation based upon 'circumstances show[ing] that conditions exist which equity would see fit to intervene' (Domestic Relations Law § 72 [1]), 'an essential part of the inquiry is the nature and extent of the grandparent-grandchild relationship,' among other factors" (*Matter of Lipton v Lipton*, 98 AD3d 621, 621 [2012], quoting *Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 182 [1991]). Additionally, the court must consider " 'the nature and basis of the parents' objection to visitation' " (*Matter of Bender v Cendali*, 107 AD3d 981, 982 [2013], quoting *Matter of Emanuel S. v Joseph E.*, 78 NY2d at 182). "A hearing to determine the issue of standing is not necessary where there are no triable issues of fact raised in the submitted papers" (*Matter of Roberts v Roberts*, 81 AD3d 1117, 1118 [2011]).

Here, the Family Court properly denied the grandparents' petition for visitation and dismissed the proceeding, without a

hearing, based on their lack of standing. The Family Court, considering all of the relevant circumstances of this case, properly found that this is not a matter in which it would be equitable to confer standing upon the grandparents (*see* Domestic Relations Law § 72 [1]; *Matter of Lipton v Lipton*, 98 AD3d 621 [2012]; *Matter of Marks v Cascio*, 24 AD3d 556 [2005]).

The Family Court further concluded that, in any event, visitation would not be in the children's best interests. The record also supports this finding (*see Matter of Feldman v Torres*, 117 AD3d 1048 [2014]; *Matter of Tolbert v Scott*, 42 AD3d 548 [2007]; *Matter of DiBerardino v DiBerardino*, 229 AD2d 539 [1996]; *Matter of Coulter v Barber*, 214 AD2d 195 [1995]). Skelos, J.P., Leventhal, Austin and Miller, JJ., concur.