■ In the Matter of JOSEPH FITZPATRICK et al., Respondents, v DANIEL FITZPATRICK et al., Appellants. [26 NYS3d 360]—

Appeal from an order of the Family Court, Kings County (Michael L. Katz, J.), dated November 26, 2014. The order, after a hearing, granted the petition of the paternal grandparents of the subject child pursuant to Domestic Relations Law § 72 (1) for visitation.

Ordered that the order is affirmed, without costs or disbursements.

The appellants are the parents of the subject child. The petitioners are the paternal grandparents, who sought an order awarding them visitation. The petition was granted over the objection of both appellants, and this appeal followed.

" 'When a grandparent seeks visitation pursuant to Domestic

Relations Law § 72 (1), the court must make a two-part inquiry' " (*Matter of Moskowitz v Moskowitz*, 128 AD3d 1070, 1070 [2015], quoting *Matter of Brancato v Federico*, 118 AD3d 986, 986 [2014]; *see Matter of Gray v Varone*, 101 AD3d 1122, 1123 [2012]). "First, it must find that the grandparent has standing, based on, inter alia, equitable considerations" (*Matter of Gray v Varone*, 101 AD3d at 1123; *see Matter of Moskowitz v Moskowitz*, 128 AD3d at 1070; *Matter of Brancato v Federico*, 118 AD3d at 986). "If it concludes that the grandparent has established standing to petition for visitation, then the court must determine if visitation is in the best interests of the child" (*Matter of Gray v Varone*, 101 AD3d at 1123; *see Matter of E.S. v P.D.*, 8 NY3d 150, 157 [2007]; *Matter of Moskowitz v Moskowitz*, 128 AD3d at 1070).

"In considering whether a grandparent has standing to petition for visitation based upon 'circumstances show[ing] that conditions exist which equity would see fit to intervene' (Domestic Relations Law § 72 [1]), 'an essential part of the inquiry is the nature and extent of the grandparent-grandchild relationship,' among other factors" (*Matter of Lipton v Lipton*, 98 AD3d 621, 621 [2012], quoting *Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 182 [1991]; *see Matter of Moskowitz v Moskowitz*, 128 AD3d at 1070). The court must also consider " 'the nature and basis of the parents' objection to visitation' " (*Matter of Bender v Cendali*, 107 AD3d 981, 982 [2013]; quoting *Matter of Emanuel S. v Joseph E.*, 78 NY2d at 182; *see Matter of Brancato v Federico*, 118 AD3d at 986). "In cases where such a [grandparent-grandchild] relationship has been frustrated by a parent, the grandparent must show, inter alia, that he or she has made a sufficient effort to establish [a relationship with the child], so that the court perceives [the matter] as one deserving the court's intervention" (*Matter of Brancato v Federico*, 118 AD3d at 987 [internal quotation marks omitted]; *see Matter of Emanuel S. v Joseph E.*, 78 NY2d at 182). " 'The evidence necessary will vary in each case but what is required of grandparents must always be measured against what they could reasonably have done under the circumstances' " (*Matter of Bender v Cendali*, 107 AD3d at 982, quoting *Matter of Emanuel S. v Joseph E.*, 78 NY2d at 183; *see Matter of Lipton v Lipton*, 98 AD3d at 622).

Here, the Family Court providently exercised its discretion in determining that the paternal grandparents had standing to petition for visitation pursuant to the equitable circumstances clause of Domestic Relations Law § 72 (1) (*see Matter of Quinn v Heffler*, 102 AD3d 876, 876 [2013]; *Matter of Gort v Kull*, 96

AD3d 842, 843 [2012]). Through their testimony and the photographic evidence they submitted, the grandparents established that they had maintained regular contact with the subject child and his siblings for many years before a dispute between the grandparents and the parents led the children's parents to cease permitting such contact (*see Matter of Gray v Varone*, 101 AD3d at 1123; *Matter of Gort v Kull*, 96 AD3d at 843; *Matter of Dubiel v Schaefer*, 108 AD3d 1093, 1095 [2013]; *Matter of Agusta v Carousso*, 208 AD2d 620, 621 [1994]).

Standing to petition alone, however, does not ensure that grandparent visitation will be granted. As stated previously, the family court must also find that such visitation is in the best interests of the subject child (*see Matter of Wilson v McGlinchey*, 2 NY3d 375, 380 [2004]). In making this determination, "courts should not lightly intrude on the family relationship against a fit parent's wishes," as "[t]he presumption that a fit parent's decisions are in the child's best interests is a strong one" (*Matter of E.S. v P.D.*, 8 NY3d at 157). "[W]hile . . . the problems created by parent-grandparent antagonism cannot be ignored, an acrimonious relationship is generally not sufficient cause to deny visitation" (*id.* at 157; *compare Matter of E.S. v P.D.*, 27 AD3d 757, 758-759 [2006], *affd* 8 NY3d 150 [2007], *with Matter of Wilson v McGlinchey*, 2 NY3d 375, 382 [2004]; *Matter of Coulter v Barber*, 214 AD2d 195, 197 [1995]).

Applying these principles here, and considering the Family Court's assessment of the credibility of the witnesses (*see Matter of Quinn v Heffler*, 102 AD3d at 876), the Family Court providently exercised its discretion in determining that it was in the best interests of the subject child to grant the grandparents' petition for visitation (*see Matter of Luft v Luft*, 123 AD3d 831, 832 [2014]).

The parents' remaining contentions are either without merit or not properly before this Court.

Accordingly, the Family Court properly granted the grandparents' petition for visitation with the subject child. Chambers, J.P., Austin, Sgroi and Duffy, JJ., concur.