■ In the Matter of COLETTE BROOMFIELD, Appellant, v JUSTIN EVANS et al., Respondents. [30 NYS3d 915]—

Appeal from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), dated January 15, 2015. The order dismissed, with prejudice, a petition pursuant to Domestic Relations Law § 72 (1) for grandparent visitation.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner, the paternal grandmother, commenced this proceeding in 2013 seeking visitation with the subject child, who was in foster care after having been removed from the mother's home in 2010. The mother's parental rights have been terminated. The Family Court dismissed the petition, with prejudice, finding that the grandmother did not have standing to petition for visitation. On appeal, the grandmother contends, inter alia, that the Family Court determined standing under an incorrect "extraordinary circumstances" standard and that she was entitled to a hearing to determine standing.

When a grandparent seeks visitation pursuant to Domestic Relations Law § 72 (1), the court must make a two-part inquiry (*see Matter of Moskowitz v Moskowitz*, 128 AD3d 1070 [2015]; *Matter of Brancato v Federico*, 118 AD3d 986, 986 [2014]). First, it must find that the grandparent has standing, based on, inter alia, equitable considerations (*see Matter of Moskowitz v Moskowitz*, 128 AD3d at 1070; *Matter of Brancato v Federico*, 118 AD3d at 986). If it concludes that the grandparent has established standing to petition for visitation, then the court must determine if visitation is in the best interests of the child

(*see Matter of Moskowitz v Moskowitz*, 128 AD3d 1070 [2015]; *Matter of Gray v Varone*, 101 AD3d 1122, 1123 [2012]). In considering whether a grandparent has standing to petition for visitation based upon circumstances showing that conditions exist which equity would see fit to intervene (*see* Domestic Relations Law § 72 [1]), the court must examine the nature and extent of the grandparent-grandchild relationship, among other factors (*Matter of Moskowitz v Moskowitz*, 128 AD3d at 1070; *Matter of Lipton v Lipton*, 98 AD3d 621, 621 [2012]). A hearing to determine the issue of standing is not necessary where there are no triable issues of fact raised in the submitted papers (*see Matter of Moskowitz v Moskowitz*, 128 AD3d at 1070; *Matter of Roberts v Roberts*, 81 AD3d 1117, 1118 [2011]).

While we agree that the Family Court applied an incorrect standard, it considered the relevant factors and, as our authority is as broad as Family Court's, we may reach a determination upon our examination of the facts and application of the correct legal standard (*see Matter of Van Nostrand v Van Nostrand*, 85 AD3d 1352 [2011]; *Matter of Luma v Kawalchuk*, 240 AD2d 896, 897 [1997]; *Matter of Satori R.*, 202 AD2d 432, 433 [1994]). Our review of the facts reveals that the grandmother lacked standing to petition for visitation. Under the circumstances of this case, equitable considerations did not warrant judicial intervention for the visitation sought by the grandmother. Accordingly, it would not be equitable to confer standing upon the grandmother, and the petition was properly dismissed without a hearing (*see* Domestic Relations Law § 72 [1]; *Matter of Moskowitz v Moskowitz*, 128 AD3d at 1070; *Matter of Lipton v Lipton*, 98 AD3d 621 [2012]; *Matter of Marks v Cascio*, 24 AD3d 556 [2005]; *Matter of Horowitz v Kelly*, 300 AD2d 659, 659-660 [2002]). Balkin, J.P., Hall, Miller and LaSalle, JJ., concur.