■ In the Matter of ELEANORA GALIZIA, Appellant, v JOHN GALIZIA et al., Respondents. [56 NYS3d 529]—

Appeal from an order of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated June 23, 2016. The order granted

the mother's motion, made at the conclusion of the petitioner's case, to dismiss the petition of the paternal grandmother pursuant to Domestic Relations Law § 72 (1) for visitation with the subject child.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner, the paternal grandmother, commenced this proceeding seeking visitation with the subject child. At the conclusion of the grandmother's case at a hearing on the issue of standing, the Family Court granted the mother's motion to dismiss the petition, finding that the grandmother did not have standing. The grandmother appeals.

When a grandparent seeks visitation pursuant to Domestic Relations Law § 72 (1), the court must make a two-part inquiry (*see Matter of Moskowitz v Moskowitz*, 128 AD3d 1070 [2015]; *Matter of Brancato v Federico*, 118 AD3d 986, 986 [2014]). First, it must determine whether the grandparent has standing based on, inter alia, equitable considerations (*see Matter of Moskowitz v Moskowitz*, 128 AD3d 1070 [2015]; *Matter of Brancato v Federico*, 118 AD3d at 986). If it concludes that the grandparent has established standing to petition for visitation, then the court must determine whether visitation is in the best interests of the child (*see Matter of Moskowitz v Moskowitz*, 128 AD3d 1070 [2015]; *Matter of Gray v Varone*, 101 AD3d 1122, 1123 [2012]). In considering whether a grandparent has standing to petition for visitation based upon "circumstances show[ing] that conditions exist which equity would see fit to intervene" (Domestic Relations Law § 72 [1]), an essential part of the inquiry is the nature and extent of the grandparent-grandchild relationship, among other factors (*see Matter of Moskowitz v Moskowitz*, 128 AD3d 1070 [2015]; *Matter of Lipton v Lipton*, 98 AD3d 621, 621 [2012]).

Here, the Family Court's determination that the grandmother lacked standing is supported by the record. Under the circumstances of this case, equitable considerations did not warrant judicial intervention for the visitation she sought (*see* Domestic Relations Law § 72 [1]; *Matter of Moskowitz v Moskowitz*, 128 AD3d 1070 [2015]; *Matter of Lipton v Lipton*, 98 AD3d 621 [2012]; *Matter of Marks v Cascio*, 24 AD3d 556 [2005]; *Matter of Horowitz v Kelly*, 300 AD2d 659, 659-660 [2002]). Accordingly, the court properly granted the mother's motion to dismiss the petition. Balkin, J.P., Sgroi, Cohen and Duffy, JJ., concur.