Appeal by the paternal grandfather from an order of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated January 4, 2017. The order, after a hearing, dismissed the paternal grandfather’s petition pursuant to Domestic Relations Law § 72 (1) for visitation with the subject child.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 The petitioner, the paternal grandfather of the subject child, commenced this proceeding seeking visitation with the child. At the conclusion of the grandfather’s case at a hearing on the issue of standing, the Family Court dismissed the petition, finding that the grandfather did not have standing. The grandfather appeals.
 

 “When a grandparent seeks visitation pursuant to Domestic Relations Law § 72 (1), the court must make a two-part inquiry” (Matter of Gray v Varone, 101 AD3d 1122, 1123 [2012]). “First, it must determine whether the grandparent has standing based on, inter alia, equitable considerations” (Matter of Galizia v Galizia, 151 AD3d 851, 852 [2017]). “If it concludes that the grandparent has established standing to petition for visitation, then the court must determine if visitation is in the best interests of the child” (Matter of Gray v Varone, 101 AD3d at 1123; see Matter of Emanuel S. v Joseph E., 78 NY2d 178, 181 [1991]).
 

 “In considering whether a grandparent has standing to petition for visitation based upon ‘circumstances show[ing] that conditions exist which equity would see fit to intervene’ (Domestic Relations Law § 72 [1]), ‘an essential part of the inquiry is the nature and extent of the grandparent-grandchild relationship,’ among other factors” (Matter of Lipton v Lipton, 98 AD3d 621, 621 [2012], quoting Matter of Emanuel S. v Joseph E., 78 NY2d at 182). The court must also consider “ ‘the nature and basis of the parents’ objection to visitation’ ” (Matter of Bender v Cendali, 107 AD3d 981, 982 [2013], quoting Matter of Emanuel S. v Joseph E., 78 NY2d at 182). “In cases where such a [grandparent-grandchild] relationship has been frustrated by a parent, the grandparent must show, inter alia, that he or she has made a sufficient effort to establish [a relationship with the child], so that the court perceives [the matter] as one deserving the court’s intervention” (Matter of Brancato v Federico, 118 AD3d 986, 987 [2014] [internal quotation marks omitted]). “ ‘The evidence necessary will vary in each case but what is required of grandparents must always be measured against what they could reasonably have done under the circumstances’ ” (Matter of Bender v Cendali, 107 AD3d at 982, quoting Matter of Emanuel S. v Joseph E., 78 NY2d at 183).
 

 Here, the Family Court’s determination that the grandfather lacked standing is supported by the record. Under the circumstances of this case, equitable considerations did not warrant judicial intervention for the visitation he sought (see Domestic Relations Law § 72 [1]; Matter of Galizia v Galizia, 151 AD3d at 851; Matter of Fondanarosa v Grimm, 58 AD3d 840, 841 [2009]; Matter of Kenderes v Norton, 22 AD3d 852, 853 [2005]; Matter of Canales v Aulet, 295 AD2d 507 [2002]; cf. Matter of Seddio v Artura, 139 AD3d 1075, 1076-1077 [2016]; Matter of Fitzpatrick v Fitzpatrick, 137 AD3d 784, 785-786 [2016]).
 

 The grandfather’s remaining contentions are without merit.
 

 Accordingly, the Family Court properly dismissed the grandfather’s petition for visitation.
 

 Hall, J.P., Cohen, Barros and Christopher, JJ., concur.