Matter of Garnys v Westergaard (2018 NY Slip Op 01188)





Matter of Garnys v Westergaard


2018 NY Slip Op 01188


Decided on February 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2017-03492
2017-04667
2017-04668
 (Docket No. V-12376-16)

[*1]In the Matter of Malgorzata Garnys, appellant, 
v
Kermit Stang Westergaard, et al., respondents.


Schwartz Sladkus Reich Greenberg Atlas LLP, New York, NY (Matthew C. Kesten of counsel), for appellant.
Sager Gellerman Eisner LLP, Forest Hills, NY (Alyssa Eisner and Esther Chyzyk Bernheim of counsel), for respondents.
Tammi D. Pere, West Hempstead, NY, attorney for the child.



DECISION & ORDER
Appeals from three orders of the Family Court, Queens County (Ashley Black, Ct. Atty. Ref.), all dated March 17, 2017. The first and second orders granted the respondents' motion to dismiss a visitation petition. The third order dismissed the visitation petition.
ORDERED that the orders are affirmed, with one bill of costs.
In May 2015, the subject child's biological mother died of cancer. The mother was not married when the child was born in 2005, and a second parent is not listed on the child's birth certificate. Prior to her death, the mother executed a will providing that Kermit Stang Westergaard and Azadeh Houshyar Westgaard, the child's maternal uncle and aunt (hereinafter together the respondents), be appointed the child's guardians. In January 2016, the respondents filed a petition pursuant to Family Court Act article 6 to be appointed the guardians of the child. In June 2016, while the guardianship proceeding was pending, the petitioner commenced this proceeding pursuant to Family Court Act article 6 against the respondents, seeking visitation with the child. The respondents moved to dismiss the visitation petition, arguing that the petitioner lacked standing to seek visitation under Domestic Relations Law § 70. The Family Court granted the respondents' motion and dismissed the visitation petition. The petitioner appeals.
The Legislature has clearly limited the right to seek visitation to noncustodial parents, grandparents, and siblings (see Domestic Relations Law §§ 70, 71, 72; see also Matter of McHarris v Administration for Children's Servs., 53 AD3d 660, 661). The petitioner argues that she should be considered a "parent" under Domestic Relations Law § 70 because she moved in with the mother shortly before the child's birth, she played a role in the daily upbringing of the child from his birth until the mother became ill, and she and the mother considered each other "life partners," even though they never married or registered as domestic partners. Matter of Brooke S.B. v Elizabeth A.C.C. (28 NY3d 1, 28) expanded the definition of "parent" beyond biological and adoptive parents [*2]to include a person who establishes, by clear and convincing evidence, that he or she agreed with the biological parent of the child to conceive and raise the child as co-parents. Although the petitioner concedes that she and the mother did not enter into a preconception agreement to raise the child together, she contends that she has standing to seek visitation because the mother consented to the creation of a parent-like relationship between her and the child after conception (see id. at 28).
We agree with the Family Court that the petitioner failed to sustain her burden of establishing standing to seek visitation (see e.g. Matter of Emanuel S. v Joseph E., 78 NY2d 178, 181; Matter of Bender v Cendali, 107 AD3d 981, 982). The petitioner failed to demonstrate that the mother consented to anything more than the petitioner assisting her with child-rearing responsibilities. For example, the petitioner does not contend that the child referred to her as his mother, and the petitioner was not listed as a parent on school records or legal documents. Most importantly, after the mother was diagnosed with terminal cancer, she executed a will providing that the respondents be appointed the child's guardians. Under the particular circumstances of this case, the court properly granted the respondents' motion to dismiss the visitation petition based on lack of standing (see e.g. Matter of Moskowitz v Moskowitz, 128 AD3d 1070, 1071; Matter of Lipton v Lipton, 98 AD3d 621, 622).
MASTRO, J.P., BALKIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court