Matter of Rodriguez v ACS-Kings (2019 NY Slip Op 00884)





Matter of Rodriguez v ACS-Kings


2019 NY Slip Op 00884


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-00612
 (Docket Nos. V-22350-17, V-22352-17, V-22353-17, V-22354-173)

[*1]In the Matter of Josephine Rodriguez, appellant,
v
ACS-Kings, respondent-respondent, et al., respondents.


Rhea G. Friedman, New York, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Claude S. Platton and Jessica Miller of counsel), for respondent-respondent.
Geanine Towers, Brooklyn, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the maternal grandmother appeals from an order of the Family Court, Kings County (Ilana Gruebel, J.), dated November 28, 2017. The order granted, without a hearing, the motion of the respondent ACS-Kings to dismiss the maternal grandmother's petitions pursuant to Domestic Relations Law § 72 for grandparent visitation with the four subject children, and dismissed the proceedings.
ORDERED that the order is affirmed, without costs or disbursements.
In these related proceedings pursuant to Family Court Act article 6 for grandparent visitation with the four subject children, the Family Court granted, without a hearing, the motion of the respondent ACS-Kings to dismiss the maternal grandmother's petitions for visitation on the ground that she lacked standing to seek visitation. We affirm.
" When a grandparent seeks visitation pursuant to Domestic Relations Law § 72(1), the court must make a two-part inquiry'" (Matter of Moskowitz v Moskowitz, 128 AD3d 1070, 1070, quoting Matter of Brancato v Federico, 118 AD3d 986, 986; see Matter of Broomfield v Evans, 140 AD3d 748, 748). "First, it must find that the grandparent has standing, based on, inter alia, equitable considerations" (Matter of Gray v Varone, 101 AD3d 1122, 1123; see Matter of Moskowitz v Moskowitz, 128 AD3d at 1070). "If it concludes that the grandparent has established standing to petition for visitation, then the court must determine if visitation is in the best interests of the child" (Matter of Gray v Varone, 101 AD3d at 1123; see Matter of Broomfield v Evans, 140 AD3d at 748).
"In considering whether a grandparent has standing to petition for visitation based upon circumstances show[ing] that conditions exist which equity would see fit to intervene' (Domestic Relations Law § 72 [1]), an essential part of the inquiry is the nature and extent of the grandparent-grandchild relationship,' among other factors" (Matter of Lipton v Lipton, 98 AD3d 621, 621, quoting Matter of Emanuel S. v Joseph E., 78 NY2d 178, 182; see Matter of Moskowitz v [*2]Moskowitz, 128 AD3d at 1070). "A hearing to determine the issue of standing is not necessary where there are no triable issues of fact raised in the submitted papers" (Matter of Broomfield v Evans, 140 AD3d at 749; see Matter of Moskowitz v Moskowitz, 128 AD3d at 1070).
Here, taking into account all of the relevant circumstances of this case, equitable considerations did not warrant judicial intervention to confer standing upon the maternal grandmother (see Domestic Relations Law § 72; Matter of Moskowitz v Moskowitz, 128 AD3d at 1071; Matter of Lipton v Lipton, 98 AD3d at 622). The maternal grandmother's petitions failed to allege facts that would show the existence of ongoing relationships with the subject children sufficient to establish standing (see Domestic Relations Law § 72[1]; Matter of Broomfield v Evans, 140 AD3d at 749; see also Matter of Diane T. v Shawn N., 147 AD3d 463, 463).
Since the maternal grandmother failed to allege facts sufficient to establish standing to petition for visitation, the issue of the best interests of the children need not be reached (see Matter of Broomfield v Evans, 140 AD3d at 748-749).
Accordingly, we agree with the Family Court's determination granting, without a hearing, the motion to dismiss the maternal grandmother's petitions for visitation, and dismissing the proceedings (see Matter of Moskowitz v Moskowitz, 128 AD3d at 1070-1071).
LEVENTHAL, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court