Matter of Sands v Sands (2019 NY Slip Op 05549)





Matter of Sands v Sands


2019 NY Slip Op 05549


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-13208
 (Docket Nos. V-3890-18, V-3891-18, V-3893-18, V-3894-18)

[*1]In the Matter of Alan J. Sands, appellant,
v
Joshua Ira Sands, respondent. (Proceeding No. 1)
In the Matter of Alan J. Sands, appellant,Susie Sands, respondent. (Proceeding No. 2)


Davidoff Hutcher & Citron, LLP, New York, NY (Leslie F. Barbara and Judith Ackerman of counsel), for appellant.
Kahn & Goldberg, LLP, New York, NY (Michele Kahn of counsel), for respondents.



DECISION & ORDER
In two related proceedings pursuant to Family Court Act article 6, the paternal grandfather appeals from an order of the Family Court, Westchester County (Hal B. Greenwald, J.), entered September 13, 2018. The order, without a hearing, in effect, granted the parents' motion to dismiss the petitions pursuant to Domestic Relations Law § 72(1) for grandparent visitation with the subject children.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for a hearing on the issue of the paternal grandfather's standing to seek grandparent visitation and for a new determination thereafter of the parents' motion to dismiss the petitions.
The petitioner (hereinafter the grandfather) is the paternal grandfather of the subject children. In April 2018, the grandfather filed petitions pursuant to Domestic Relations Law § 72(1), seeking grandparent visitation with the children. The Family Court, in effect, granted the parents' motion to dismiss the grandfather's petitions without a hearing. The grandfather appeals.
"When a grandparent seeks visitation pursuant to Domestic Relations Law § 72(1), the court must make a two-part inquiry" (Matter of Moskowitz v Moskowitz, 128 AD3d 1070, 1070 [internal quotation marks omitted]; see Matter of E.S. v P.D., 8 NY3d 150, 157; Matter of Broomfield v Evans, 140 AD3d 748, 748; Matter of Gray v Varone, 101 AD3d 1122, 1123). "First, it must find that the grandparent has standing, based on, inter alia, equitable considerations" (Matter of Gray v Varone, 101 AD3d at 1123; see Domestic Relations Law § 72[1]; Matter of Moskowitz v Moskowitz, 128 AD3d at 1070). "If it concludes that the grandparent has established standing to petition for visitation, then the court must determine if visitation is in the best interests of the child" (Matter of Gray v Varone, 101 AD3d at 1123; see Matter of Broomfield v Evans, 140 AD3d at 748).
"In considering whether a grandparent has standing to petition for visitation based upon circumstances show[ing] that conditions exist which equity would see fit to intervene' (Domestic Relations Law § 72[1]), an essential part of the inquiry is the nature and extent of the grandparent-grandchild relationship,' among other factors" (Matter of Lipton v Lipton, 98 AD3d 621, 621, quoting Matter of Emanuel S. v Joseph E., 78 NY2d 178, 182; see Matter of Moskowitz v Moskowitz, 128 AD3d at 1070). In cases where such a relationship has been frustrated by a parent, the grandparent must show, inter alia, that he or she has made "a sufficient effort to establish [a relationship with the child], so that the court perceives [the matter] as one deserving the court's intervention" (Matter of Emanuel S. v Joseph E., 78 NY2d at 182; see Matter of Lipton v Lipton, 98 AD3d at 621-622).
In assessing the sufficiency of the grandparent's efforts, "what is required of grandparents must always be measured against what they could reasonably have done under the circumstances" (Matter of Emanuel S. v Joseph E., 78 NY2d at 183; see Matter of Lipton v Lipton, 98 AD3d at 622). In addition to these considerations, "the nature and basis of the parents' objection to visitation are among the several circumstances which should be considered by courts deciding the standing question" (Matter of Emanuel S. v Joseph E., 78 NY2d at 182). Although "animosity coupled with family dysfunction may provide a basis for denying visitation rights," the "existence of animosity between the parties alone" cannot provide such a basis (Matter of DiBerardino v DiBerardino, 229 AD2d 539, 540; see Matter of E.S. v P.D., 8 NY3d at 157; Matter of Gray v Varone, 101 AD3d at 1123). "A hearing to determine the issue of standing is not necessary where there are no triable issues of fact raised in the submitted papers" (Matter of Broomfield v Evans, 140 AD3d at 749; see CPLR 409[b]; Matter of Moskowitz v Moskowitz, 128 AD3d at 1070).
Contrary to the Family Court's determination, the allegations in the petitions, the evidence submitted by the parents in support of their motion to dismiss the petitions, and the evidence submitted by the grandfather in opposition to the parents' motion gave rise to factual issues which must be resolved at a hearing. Those factual issues include, among other things, the nature and extent of the grandparent-grandchild relationship, the grandfather's efforts to establish and maintain a relationship with the children, and the parents' alleged attempts to frustrate the grandparent-grandchild relationship.
Accordingly, the Family Court should not have, in effect, granted the parents' motion to dismiss the petitions for lack of standing without first conducting a hearing (see Matter of Ferguson v Weaver, 165 AD3d 1397, 1399; Matter of Brancato v Federico, 118 AD3d 986, 987).
CHAMBERS, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court