Matter of Poznik v Salkin (2023 NY Slip Op 01092)

Matter of Poznik v Salkin

2023 NY Slip Op 01092

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2022-04086
 (Docket Nos. V-17175-21, V-17176-21)

[*1]In the Matter of Judy Poznik, appellant,
v
Tamara Salkin, et al., respondents.

Tabat, Cohen, Blum, Yovino & Diesa, P.C., Hauppauge, NY (Elizabeth Diesa and Angela A. Ruffini of counsel), for appellant.
Winkler Kurtz, LLP, Port Jefferson Station, NY (Lindsey M. Albinski and Daniel E. Brickley of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the maternal grandmother appeals from an order of the Family Court, Suffolk County (Kerri N. Lechtrecker, Ct. Atty. Ref.), dated April 27, 2022. The order granted, without a hearing, the parents' motion to dismiss the petition pursuant to Domestic Relations Law § 72(1) for grandparent visitation with the subject children, and dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
Domestic Relations Law § 72 "does not create an absolute or automatic right of visitation. Instead, the statute provides a procedural mechanism for grandparents to acquire standing to seek visitation with a minor grandchild" (Matter of Marchant v Marchant, 185 AD3d 1035, 1035-1036 [internal quotation marks omitted]; see Matter of E.S. v P.D., 8 NY3d 150, 157). Thus, "when grandparents seek visitation under section 72(1), the court must undertake a two-part inquiry. First, the court must find standing based on death or equitable circumstances; and if the court concludes that the grandparents have established the right to be heard, then it must determine if visitation is in the best interest of the grandchild" (Matter of Marchant v Marchant, 185 AD3d at 1036 [brackets and internal quotation marks omitted]; see Matter of Noguera v Busto, 189 AD3d 1050, 1051). "'A hearing to determine the issue of standing is not necessary where there are no triable issues of fact raised in the submitted papers'" (Matter of Sands v Sands, 174 AD3d 628, 630, quoting Matter of Broomfield v Evans, 140 AD3d 748, 749).
Here, the Family Court providently exercised its discretion in determining that the maternal grandmother lacked standing to seek visitation. Under the circumstances of this case, equitable considerations did not warrant judicial intervention for the visitation she sought (see Domestic Relations Law § 72[1]; Matter of Troiano v Marotta, 127 AD3d 877, 878-879; Matter of Bender v Cendali, 107 AD3d 981, 982-983).
Accordingly, the Family Court properly granted, without a hearing, the parents' motion to dismiss the petition, and dismissed the proceeding.
BRATHWAITE NELSON, J.P., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court