Matter of Kruglov v Shatskaya (2023 NY Slip Op 03790)

Matter of Kruglov v Shatskaya

2023 NY Slip Op 03790

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2022-03305
 (Docket Nos. V-16085-21, V-16370-21)

[*1]In the Matter of Viktor Kruglov, appellant,
v
Anna Shatskaya, respondent. (Proceeding No. 1.)
In the Matter of Yulia Kruglov, appellant,
v
Anna Shatskaya, respondent. (Proceeding No. 2.)

Joan N. G. James, Brooklyn, NY, for appellant in Proceeding No. 1.
Austin I. Idehen, Jamaica, NY, for appellant in Proceeding No. 2.
Andrew Kruglov, Binghamton, NY, nonparty pro se.
Karen P. Simmons, Brooklyn, NY (Janet Neustaetter and Leah Edmunds of counsel), attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, Viktor Kruglov appeals, and Yulia Kruglov separately appeals, from an order of the Family Court, Kings County (Judith D. Waksberg, J.), dated March 30, 2022. The order, insofar as appealed from by Viktor Kruglov, dismissed his petition, inter alia, pursuant to Domestic Relations Law § 72(1) for visitation with the subject child. The order, insofar as appealed from by Yulia Kruglov, dismissed her petition pursuant to Domestic Relations Law § 72(1) for visitation with the subject child.
ORDERED that the order is affirmed, without costs or disbursements.
In November 2021, the paternal grandfather, Viktor Kruglov, filed a petition, inter alia, pursuant to Domestic Relations Law § 72(1) for visitation with the subject child, and in December 2021, the paternal grandmother, Yulia Kruglov, filed a separate petition for visitation with the subject child. In an order dated March 30, 2022, the Family Court dismissed the petitions. The paternal grandparents (hereinafter the grandparents) separately appeal.
Domestic Relations Law § 72 "does not create an absolute or automatic right of visitation. Instead, the statute provides a procedural mechanism for grandparents to acquire standing to seek visitation with a minor grandchild" (Matter of Marchant v Marchant, 185 AD3d 1035, 1035-1036 [internal quotation marks omitted]; see Matter of E.S. v P.D., 8 NY3d 150, 157). "[W]hen grandparents seek visitation under section 72(1), the court must undertake a two-part inquiry. First, the court must find standing based on death or equitable circumstances; and if the court concludes that the grandparents have established the right to be heard, then it must determine if visitation is in the best interest of the grandchild" (Matter of Marchant v Marchant, 185 AD3d at [*2]1036 [alterations and internal quotation marks omitted]; see Matter of Poznik v Salkin, 214 AD3d 663, 663-664). "'A hearing to determine the issue of standing is not necessary where there are no triable issues of fact raised in the submitted papers'" (Matter of Sands v Sands, 174 AD3d 628, 630, quoting Matter of Broomfield v Evans, 140 AD3d 748, 749).
Here, to the extent that the Family Court applied an incorrect standard by determining that the grandparents failed to demonstrate "extraordinary circumstances" to warrant visitation, we may reach a determination upon our examination of the facts and application of the correct legal standard (see Matter of Broomfield v Evans, 140 AD3d at 749).
Under the circumstances of this case, including that the grandparents are already receiving regular visitation with the subject child, it would not be equitable to confer standing upon the grandparents (see Matter of Poznik v Salkin, 214 AD3d at 664; Matter of Broomfield v Evans, 140 AD3d at 749; Matter of Bender v Cendali, 107 AD3d 981, 982-983). Accordingly, the Family Court properly dismissed the grandparents' petitions without a hearing.
DILLON, J.P., CHRISTOPHER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court