Matter of Michael A. v Chanice T. (2024 NY Slip Op 05438)

Matter of Michael A. v Chanice T.

2024 NY Slip Op 05438

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
LAURENCE L. LOVE, JJ.

2021-07138
 (Docket No. V-10004-17)

[*1]In the Matter of Michael A. (Anonymous), appellant,
v
Chanice T. (Anonymous), et al., respondents; Sanai T. (Anonymous), nonparty-respondent.

Helene Bernstein, Brooklyn, NY, for appellant.
Liberty Aldrich, Brooklyn, NY (Janet Neustaetter of counsel), attorney for the child, the nonparty-respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Kings County (Elizabeth Barnett, J.), dated September 16, 2021. The order granted the subject child's motion to dismiss the petition.
ORDERED that the order is affirmed, without costs or disbursements.
In April 2017, the petitioner, the romantic partner of the mother of the subject child, filed a petition for visitation with the child. In April 2021, the child moved to dismiss the petition for lack of standing. The petitioner opposed the motion. In an order dated September 16, 2021, the Family Court granted the motion. The petitioner appeals.
In Matter of Brooke S.B. v Elizabeth A.C.C. (28 NY3d 1, 14), the Court of Appeals held that "where a partner shows by clear and convincing evidence that the parties agreed to conceive a child and to raise the child together, the non-biological, non-adoptive partner has standing to seek visitation and custody under Domestic Relations Law § 70." "A nonparent may have standing . . . in the event 'extraordinary circumstances' warrant it" (Matter of Marquis B. v Alexis H., 110 AD3d 790, 790, quoting Matter of Bennett v Jeffreys, 40 NY2d 543, 545). "Such extraordinary circumstances include 'surrender, abandonment, persisting neglect, [or] unfitness' by the parents" (id., quoting Matter of Dickson v Lascaris, 53 NY2d 204, 208 [internal quotation marks omitted]; see Matter of Santiago v Henderson, 122 AD3d 866, 866). "Absent proof of such extraordinary circumstances, an inquiry into the best interests of the child is not triggered" (Matter of Santiago v Henderson, 122 AD3d at 867). Moreover, "'[a] hearing to determine the issue of standing is not necessary where there are no triable issues of fact raised in the submitted papers'" (Matter of Poznik v Salkin, 214 AD3d 663, 664, quoting Matter of Sands v Sands, 174 AD3d 628, 630 [internal quotation marks omitted]).
The petitioner is not the biological father of the child (see Matter of Dwayne H. v Chaniece T., 160 AD3d 857, 857). Moreover, the petitioner did not establish that there was a preconception agreement between himself and the mother (cf. Matter of Scott v Adrat, 196 AD3d 585, 587; Matter of Frank G. v Renee P.-F., 142 AD3d 928, 930-931). Nor did the petitioner [*2]demonstrate that there were "extraordinary circumstances" such that he would have standing to seek visitation with the child (Matter of Vega v Vega, 120 AD3d 1427, 1428).
Contrary to the petitioner's contention, the attorney for the child did not improperly substitute her judgment for the wishes of the child. An attorney for the child must "zealously advocate the child's position" and "consult with and advise the child to the extent of and in a manner consistent with the child's capacities" (22 NYCRR 7.2[d][1]; see Matter of David v LoPresti, 176 AD3d 701, 703). An attorney for the child may only substitute his or her judgment when he or she is "convinced either that the child lacks the capacity for knowing, voluntary and considered judgment, or that following the child's wishes is likely to result in a substantial risk of imminent, serious harm to the child" (22 NYCRR 7.2[d][3]). Here, the attorney for the child informed the Family Court of the child's wishes not to have visitation with the petitioner.
Accordingly, the Family Court properly granted the motion to dismiss the petition.
CHAMBERS, J.P., WOOTEN, VENTURA and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court