■ In the Matter of RAYMOND QUINN et al., Respondents, v MICHELLE P. HEFFLER, Appellant, et al., Respondent. [958 NYS2d 473]—

In a proceeding pursuant to Family Court Act article 6 for grandparent visitation, the mother appeals from an order of the Family Court, Dutchess County (Forman, J.), dated November 18, 2011, which, after a hearing, granted the grandparents' petition for visitation with the subject children and set a schedule for visitation.

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the petition for grandparent visitation is denied.

A court determining a petition for grandparent visitation must undertake a two-part inquiry. First, it must determine whether the grandparent has standing to petition for visitation rights (*see* Domestic Relations Law § 72 [1]; *Matter of E.S. v P.D.*, 8 NY3d 150, 157 [2007]; *Matter of Waverly v Gibson*, 79 AD3d 897, 898-899 [2010]). If the grandparent establishes standing, the court must then determine whether visitation is in the best interest of the subject child (*see Matter of Steinhauser v Haas*, 40 AD3d 863, 864 [2007]). In making this second determination, "courts should not lightly intrude on the family relationship against a fit parent's wishes" (*see Matter of E.S. v P.D.*, 8 NY3d at 157). Indeed, it is strongly presumed that a fit parent's decisions are in the child's best interests (*see id.*). Inasmuch as the Family Court's ultimate determination depends in large part on its assessment of the witnesses, that determination should not be set aside if it is supported by a sound and substantial basis in the record (*see Matter of Steinhauser v Haas*, 40 AD3d at 864).

Here, the Family Court providently exercised its discretion in determining that the grandparents had standing to petition for visitation (*see Matter of Gort v Kull*, 96 AD3d 842, 843 [2012]; *cf. Matter of Waverly v Gibson*, 79 AD3d at 899). Nonetheless, its determination to grant the petition was an improvident exercise of discretion, because the record established that visitation with the grandparents was not in the best interests of the subject children. The record established that the mother's objections to visitation were well founded. The grandparents engaged in conduct that showed that visitation was not in the best interests of the children. Accordingly, we reverse the order and deny the petition. Balkin, J.P., Lott, Austin and Sgroi, JJ., concur.