Matter of Chimienti v Perperis (2019 NY Slip Op 02866)





Matter of Chimienti v Perperis


2019 NY Slip Op 02866


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-03818
 (Docket Nos. V-5239-17, V-5240-17, V-11318-17, V-11319-17)

[*1]In the Matter of Jennifer Chimienti, respondent,
v
Nicole Perperis, appellant. (Proceeding No. 1)
In the Matter of Nicole Perperis, appellant,Jennifer Chimienti, respondent. (Proceeding No. 2)


Friedman & Friedman, Garden City, NY (Sari M. Friedman of counsel), for appellant.
Gervase & Mintz, P.C., Garden City, NY (Susan G. Mintz of counsel), for respondent.
Marjorie G. Adler, Garden City, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, Nicole Perperis appeals from an order of the Family Court, Nassau County (Thomas A. Rademaker, J.), dated March 5, 2018. The order, insofar as appealed from, upon incorporating by reference an order of the same court dated September 27, 2017, made after a hearing, determined that Jennifer Chimienti had standing to seek custody of or visitation with the subject children.
ORDERED that the order dated March 5, 2018, is affirmed insofar as appealed from, with costs.
On March 5, 2018, Nicole Perperis, the biological mother of the two subject children, who were born, via artificial insemination, in September 2014 and May 2016, respectively, entered into a consent order of custody and parenting time (hereinafter the consent order) with her former domestic partner, Jennifer Chimienti. Pursuant to the consent order, the parties agreed to share joint custody of the children, with physical custody and final decision-making authority to Perperis. The consent order also set forth a parenting time schedule for Chimienti. The parties entered into the consent order, forgoing a hearing on the best interests of the children as to custody and parental access, upon the determination of the Family Court in an order dated September 27, 2017 (hereinafter the September 2017 order), made after a hearing at which Chimienti's standing to seek custody or visitation was contested, that Chimienti established standing, via equitable estoppel, to seek custody of or visitation with the children. The September 2017 order was incorporated by reference in the consent order. Perperis appeals from so much of the consent order as, upon [*2]incorporating by reference the September 2017 order, determined that Chimienti had standing to seek custody of or visitation with the children.
We agree with the Family Court's determination to apply an equitable estoppel analysis to decide the issue of standing in this case. The Court of Appeals' determination in Matter of Brooke S.B. v Elizabeth A.C.C. (28 NY3d 1) provides instruction on this issue. There, the Court of Appeals expressly declined to declare that there was only one test for determining whether a same-sex, nonbiological, nonadoptive party has standing to seek custody of and visitation with the biological children of the party's former partner, and recognized that another test may apply to situations in which a couple has not entered into a preconception agreement (see id. at 27-28). "Whether a partner without [a preconception] agreement can establish standing and, if so, what factors a petitioner must establish to achieve standing based on equitable estoppel are matters left for another day, upon a different record" (id. at 28). Thus, the Court of Appeals expressly left open the issue of whether, in the absence of a preconception agreement, a former same-sex, nonbiological, nonadoptive partner of a biological parent could establish standing based upon equitable estoppel (see id.).
Equitable estoppel is regularly raised in Family Court proceedings to protect a child's established relationship with another who has assumed the parental role (see Matter of Juanita A. v Kenneth Mark N., 15 NY3d 1, 6; Matter of Shondel J. v Mark D., 7 NY3d 320, 327). " [C]ourts [are] more inclined to impose equitable estoppel to protect the status interests of a child in an already recognized and operative parent-child relationship'" (Jean Maby H. v Joseph H., 246 AD2d 282, 287, quoting Matter of Baby Boy C., 84 NY2d 91, 102 n). For example, equitable estoppel has been applied to preclude a biological mother from cutting off the custody and/or visitation rights of her former husband, a nonbiological parent whom the subject child perceived to be her father (see Jean Maby H. v Joseph H., 246 AD2d at 287). Likewise, it has also been used to equitably estop a biological father from challenging the paternity of a nonbiological stepfather (see Matter of John Robert P. v Vito C., 23 AD3d 659, 662). Equitable estoppel has also been used to estop a purported nonbiological father who was known by a child to be the child's parent from denying his paternity to evade support obligations (see Brian B. v Dionne B., 267 AD2d 188, 188). Equitable estoppel, whether used in the offensive posture to enforce rights or the defensive posture to prevent rights from being enforced, is only to be used to protect the best interests of the child (see Matter of Juanita A. v Kenneth Mark N., 15 NY3d at 6; Matter of Joseph O. v Danielle B., 158 AD3d 767, 771). The party asserting equitable estoppel has the burden to establish it by clear and convincing evidence (see Matter of Brooke S.B. v Elizabeth A.C.C., 28 NY3d at 27). Thus, we agree with the Family Court that, under the circumstances of this case, the appropriate analysis to decide whether Chimienti had standing to seek custody of and visitation with the children is to apply an equitable estoppel analysis.
Moreover, contrary to Perperis's contention, we agree with the Family Court's determination that, with respect to the older child, the application of an equitable estoppel analysis is not precluded by a legal presumption that the older child, who was born when Perperis was still married to her former wife, is the child of the former wife. We agree with the court's determination that the marital presumption of legitimacy that typically applies to children born during a marriage (see Domestic Relations Law § 24[1]; Family Ct Act § 417) was rebutted by clear and convincing evidence (see Matter of Beth R. v Ronald S., 149 AD3d 1216, 1217; see e.g. Murtagh v Murtagh, 217 AD2d 538). The evidence demonstrated that Perperis and her former wife separated less than a month after the older child was conceived, and that they had executed a stipulation of settlement which expressly provided, inter alia, that there were no children of the marriage and that the presumption of legitimacy was rebutted, and listed several reasons why the presumption was rebutted. Their judgment of divorce dated January 12, 2015, which incorporated but did not merge the stipulation of settlement, also stated that there were no children of the marriage and that the presumption of legitimacy was rebutted, and listed several reasons why the presumption was rebutted. Consequently, under these circumstances, since the legal presumption that Perperis's former wife is the parent of the older child was conclusively rebutted, we agree with the court's application of the equitable estoppel analysis in determining Chimienti's standing with respect to that child as well as the younger child (see Matter of Beth R. v Ronald S., 149 AD3d at 1217-1218; see generally Matter of L.M. v. J.S., 6 Misc 3d 151, 157 [Fam Ct, Kings County]).
The Family Court's determination that Chimienti demonstrated by clear and convincing evidence that Perperis created and fostered a parent-child relationship between Chimienti and the children is entitled to great weight inasmuch as the court's determination depended in large part on its assessment of the credibility of the witnesses and the parties (see e.g. Matter of Quinn v Heffler, 102 AD3d 876, 876; Maloney v Maloney, 208 AD2d 603, 603). Further, we find no basis to disturb the court's finding that it would be detrimental to the children's best interests to disrupt their relationship with Chimienti (see Matter of Juanita A. v Kenneth Mark N., 15 NY3d at 6; Matter of Shondel J. v Mark D., 7 NY3d 320). The record demonstrated that the parties began a romantic relationship in 2014 shortly before the older child was conceived and continued their relationship as domestic partners through that child's birth, as well as through the conception and birth of the younger child, and that they ended their relationship in early 2017. The court found, inter alia, that, from the time of each child's birth, Chimienti carried out the responsibilities of a parent to the children and that Perperis fostered that relationship. The evidence showed that Perperis allowed Chimienti to have significant access to the children for approximately four months after Perperis's relationship with Chimienti ended, until Perperis then refused to allow Chimienti access to the children and these proceedings thereafter ensued. The court also found that during the parties' relationship, they lived together with the children, splitting time as a unit between each other's homes, and Chimienti participated in the prenatal care and births of both children, including remaining in the hospital with Perperis after each delivery, participated in raising the children as her children, and was held out by Perperis to others as the co-parent of the children. The record also showed that, although the younger child is an infant, the older child regards Chimienti as her mother, calling her "mommy" and calling Perperis "momma" (see Matter of Frank G. v Renee P.-F., 142 AD3d 928, 930-931).
Although the Family Court should not have precluded Perperis from introducing certain additional evidence regarding the amount or lack of Chimienti's financial contribution to the children (see e.g. Jean Maby H. v Joseph H., 246 AD2d at 284), under the particular circumstances of this case, any such additional evidence would not have changed the court's determination that clear and convincing evidence demonstrated that Perperis created and fostered a parent-child relationship between Chimienti and the children (see generally Matter of Ivan J. v Kathryn G., 164 AD3d 1151, 1152). Moreover, the parties represented during oral argument on appeal that the court has since entered an order of child support on consent by the parties.
Perperis's remaining contentions are without merit.
Accordingly, under these particular circumstances, and considering the Family Court's assessment of the credibility of the witnesses (see Matter of Fitzpatrick v Fitzpatrick, 137 AD3d 784, 786; Matter of Quinn v Heffler, 102 AD3d at 876), we agree with the court's determination that, on the basis of equitable estoppel, Chimienti had standing to seek custody of or visitation with the children.
MASTRO, J.P., MALTESE, DUFFY and CONNOLLY, JJ., concur.

2018-03818 DECISION & ORDER ON MOTION
In the Matter of Jennifer Chimienti, respondent,
v Nicole Perperis, appellant.
(Proceeding No. 1)
In the Matter of Nicole Perperis, appellant,
v Jennifer Chimienti, respondent.
(Proceeding No. 2)
(Docket Nos. V-5239-17, V-5240-17, V-11318-17,
V-11319-17)

Motion by the appellant, inter alia, to strike the brief filed by the attorney for the children on an appeal from an order of the Family Court, Nassau County, dated March 5, 2018, and to impose a sanction upon the attorney for the children. By decision and order on motion of this Court dated November 5, 2018, the branches of the motion which are to strike the brief filed by the attorney for the children and to impose a sanction upon the attorney for the children were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branches of the motion which are to strike the brief filed by the attorney for the children and to impose a sanction upon the attorney for the children are denied.
MASTRO, J.P., MALTESE, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court