People ex rel. Accomando v Kirschner-Melendez (2019 NY Slip Op 09015)





People ex rel. Accomando v Kirschner-Melendez


2019 NY Slip Op 09015


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-11719
 (Index No. 3556/16)

[*1]The People of the State of New York, ex rel. Karen Accomando, on behalf of J. A. A. (Anonymous) and G. A. (Anonymous), respondent,
v
Elizabeth Kirschner-Melendez, appellant.


Heather A. Fig, Bayport, NY, for appellant.
Ronald S. Zimmer, Commack, NY, for respondent.
Azra Feldman, Uniondale, NY, attorney for the children.



DECISION & ORDER
In a habeas corpus proceeding to obtain visitation rights with respect to the subject children pursuant to Domestic Relations Law § 72(1), Elizabeth Kirschner-Melendez appeals from an order of the Supreme Court, Suffolk County (Glenn A. Murphy, J.), dated October 17, 2017. The order, after a hearing, granted the petition.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the petition for grandparent visitation is denied.
The subject children were born in October 2011 and April 2013, respectively. The parental rights of both biological parents were subsequently terminated, and the children were adopted by the appellant in or around 2015. In April 2016, the petitioner, the children's paternal grandmother, commenced this habeas corpus proceeding to obtain visitation rights with respect to the children pursuant to Domestic Relations Law § 72(1). The appellant opposed the petition, arguing, among other things, that the petitioner lacked standing to seek visitation, and that contact with the petitioner would be detrimental to the children's best interests. After a hearing, the Supreme Court granted the petition. We reverse.
"When a grandparent seeks visitation pursuant to Domestic Relations Law § 72(1), the court must make a two-part inquiry" (Matter of Gray v Varone, 101 AD3d 1122, 1123; see Matter of Rodriguez v ACS-Kings, 169 AD3d 693, 693-694; Matter of Brancato v Federico, 118 AD3d 986). First, the court must find that the grandparent has standing, based on, inter alia, equitable considerations (see Matter of E.S. v P.D., 8 NY3d 150, 157; Matter of Moskowitz v Moskowitz, 128 AD3d 1070). If the court concludes that the grandparent has established standing to petition for visitation, it must then determine if visitation is in the best interests of the child (see Matter of Mastronardi v Milano-Granito, 159 AD3d 907, 907; Matter of Gray v Varone, 101 AD3d at 1123).
Here, while the petitioner demonstrated that she had standing to seek visitation with [*2]the children (see Matter of Gray v Varone, 101 AD3d at 1123), the Supreme Court's determination that visitation with the petitioner was in the best interests of the children is not supported by a sound and substantial basis in the record. The record reflects that the petitioner failed to acknowledge the issues that led to the termination of the parental rights of the biological parents. Among other things, the petitioner refused to accept that the biological mother failed a drug screening test at the time of the birth of the younger child, a fact which the petitioner attributed instead to a purported switch in the hospital records. Additionally, the petitioner believed that the removal and adoption of the children was part of a conspiracy involving the legal system or government. In this regard, there was testimony that the petitioner believed, without basis, that her car had been wiretapped.
Further, the record indicates that the petitioner allowed the biological father to have contact with the older child in violation of an order of protection prohibiting him from having contact with the child. The appellant also testified that the petitioner made statements indicating that she would permit the biological father to have contact with the children. Considering all of the circumstances, we find that visitation with the petitioner would not be in the children's best interests (see Matter of Quinn v Heffler, 102 AD3d 876; Matter of D'Alessandro v D'Allesandro, 283 AD2d 429).
The remaining contention of the appellant and the attorney for the children is without merit.
ROMAN, J.P., MILLER, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court