Matter of Marchant v Marchant (2020 NY Slip Op 04310)





Matter of Marchant v Marchant


2020 NY Slip Op 04310


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2019-07135
 (Docket Nos. V-1313/15, V-1314/15, V-1315/15)

[*1]In the Matter of Garth Marchant, appellant,
v
Aziza Marchant, et al., respondents.


Steven P. Forbes, Jamaica, NY, for appellant.
Lewis S. Calderon, Jamaica, NY, for respondent Aziza Marchant.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Claire V. Merkine of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the maternal grandfather appeals from an order of the Family Court, Queens County (Carol A. Stokinger, J.), dated April 30, 2019. The order, after a fact-finding hearing, in effect, denied the maternal grandfather's petitions pursuant to Domestic Relations Law § 72(1) for grandparent visitation with the subject children and dismissed the proceedings.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner (hereinafter the grandfather) sought visitation with his daughter's three children pursuant to Domestic Relations Law § 72(1). That provision " does not create an absolute or automatic right of visitation. Instead, the statute provides a procedural mechanism for grandparents to acquire standing to seek visitation with a minor grandchild'" (Matter of E.S. v P.D., 8 NY3d 150, 157, quoting Matter of Wilson v McGlinchey, 2 NY3d 375, 380). Thus, "[w]hen grandparents seek visitation under section 72(1), the court must undertake a two-part inquiry. First, [the court] must find standing based on death or equitable circumstances'; and [i]f [the court] concludes that the grandparents have established the right to be heard, then it must determine if visitation is in the best interest of the grandchild'" (Matter of E.S. v P.D., 8 NY3d at 157, quoting Matter of Emmanuel S. v Joseph E., 78 NY2d 178, 181).
Here, the grandfather had standing with respect to the oldest child, whose father was dead. With respect to the two younger children, the grandfather was required to establish circumstances in which equity would see fit to intervene to pursue visitation, as both parents of those children are still alive (see Domestic Relations Law § 72[1]). "In considering whether a grandparent has standing to petition for visitation based upon circumstances show[ing] that conditions exist which equity would see fit to intervene (Domestic Relations Law § 72[1]), an essential part of the inquiry is the nature and extent of the grandparent-grandchild relationship, among other factors" (Matter of Fitzpatrick v Fitzpatrick, 137 AD3d 784, 784 [internal quotation marks omitted]).
We agree with the Family Court's determination that the grandfather did not demonstrate equitable circumstances sufficient to confer standing to seek visitation with the two younger children. The grandfather's testimony at the hearing demonstrated that he had almost no contact or communication with them for several years before the hearing (see Matter of Couse v Couse, 72 AD3d 1231, 1232), and he acknowledged that he no longer had a relationship with them.
Further, we agree with the Family Court's determination with respect to all three children that visitation would not be in their best interests (see Matter of Pinsky v Botnick, 105 AD3d 852, 855). " [T]he courts should not lightly intrude on the family relationship against a fit parent's wishes'" (Matter of Pinsky v Botnick, 105 AD3d at 855, quoting Matter of E.S. v P.D., 8 NY3d at 157). " Indeed, it is strongly presumed that a fit parent's decisions are in the child's best interests'" (Matter of Pinsky v Botnick, 105 AD3d at 855, quoting Matter of Quinn v Heffler, 102 AD3d 876, 876). Here, the record established that the mother's objections to visitation were well founded (see Matter of Quinn v Heffler, 102 AD3d at 876).
Accordingly, we affirm the order, in effect, denying the petitions and dismissing the proceedings.
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court