Matter of Galizia v Drucker (2020 NY Slip Op 04306)





Matter of Galizia v Drucker


2020 NY Slip Op 04306


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2019-04811
 (Docket No. V-593-19)

[*1]In the Matter of Irene Galizia, appellant,
v
Francesca Anne Drucker, respondent-respondent, et al., respondent.


Kristina S. Heuser, Locust Valley, NY, for appellant.
Susan G. Mintz, Garden City, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the paternal grandmother appeals from an order of the Family Court, Nassau County (Eileen C. Daly-Sapraicone, J.), dated March 25, 2019. The order, without a hearing, in effect, granted the mother's application to dismiss the petition pursuant to Domestic Relations Law § 72(1) for grandparent visitation with the subject child.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for a hearing on the issue of the paternal grandmother's standing to seek grandparent visitation and for a new determination thereafter of the mother's application to dismiss the petition.
The petitioner (hereinafter the grandmother) is the paternal grandmother of the subject child. In January 2019, the grandmother filed a petition pursuant to Domestic Relations Law § 72(1), seeking grandparent visitation with the child. The Family Court, in effect, granted the mother's application to dismiss the grandmother's petition without a hearing. The grandmother appeals.
"When a grandparent seeks visitation pursuant to Domestic Relations Law § 72(1), the court must make a two-part inquiry" (Matter of Sands v Sands, 174 AD3d 628, 629 [internal quotation marks and citation omitted]). "First, it must find that the grandparent has standing, based on, inter alia, equitable considerations" (Matter of Brancato v Federico, 118 AD3d 986, 986 [internal quotation marks and citation omitted]). "If it concludes that the grandparent has established standing to petition for visitation, then the court must determine if visitation is in the best interests of the child" (Matter of Gray v Varone, 101 AD3d 1122, 1123).
"In considering whether a grandparent has standing to petition for visitation based upon circumstances show[ing] that conditions exist which equity would see fit to intervene' (Domestic Relations Law § 72 [1]), an essential part of the inquiry is the nature and extent of the grandparent-grandchild relationship,' among other factors" (Matter of Lipton v Lipton, 98 AD3d 621, 621, quoting Matter of Emanuel S. v Joseph E., 78 NY2d 178, 182). In cases where the relationship between the grandparent and grandchild has been frustrated by a parent, the grandparent must show, [*2]inter alia, that a sufficient effort was made to establish a relationship with the child, and the sufficiency of the grandparent's efforts is measured against what they could have reasonably done under the circumstances (see Matter of Emanuel S. v Joseph E., 78 NY2d at 182-183; Matter of Sands v Sands, 174 AD3d at 629).
Contrary to the Family Court's determination, the allegations in the grandmother's petition and in support of the mother's oral application to dismiss the petition gave rise to factual issues which must be resolved at a hearing to determine standing (see Matter of Sands v Sands, 174 AD3d at 630). Those factual issues include, among other things, the grandmother's efforts to establish and maintain a relationship with the child and the mother's alleged attempts to frustrate that relationship (see Matter of Sands v Sands, 174 AD3d at 630).
Accordingly, the Family Court should not have, in effect, granted the mother's application to dismiss the petition for lack of standing without first conducting a hearing.
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court