Matter of Rodriguez v Concepcion (2020 NY Slip Op 07068)





Matter of Rodriguez v Concepcion


2020 NY Slip Op 07068


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2019-13248
 (Docket No. V-30867-17)

[*1]In the Matter of Yesenia Rodriguez, appellant,
v
Abraham Nicko Concepcion, et al., respondents, Administration for Children's Services, et al., respondents-respondents.


Daniel P. Moskowitz, Jamaica, NY, for appellant.
Louisa Floyd, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the maternal grandmother appeals from an order of the Family Court, Kings County (Frank M. Hoelldobler, Ct. Atty. Ref.), dated November 7, 2019. The order, after a hearing, in effect, denied the maternal grandmother's petition pursuant to Domestic Relations Law § 72(1) for visitation with the subject child and dismissed the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner (hereinafter the grandmother) is the biological maternal grandmother of the subject child, who has been adopted. The grandmother filed a petition pursuant to Domestic Relations Law § 72(1), seeking grandparent visitation with the subject child. After a hearing on the issue of the grandmother's standing to seek visitation, the Family Court determined that the grandmother lacked standing and, in effect, denied the petition and dismissed the proceeding. The grandmother appeals.
"'When a grandparent seeks visitation pursuant to Domestic Relations Law § 72(1), the court must make a two-part inquiry'" (Matter of McAvoy v McAvoy, 155 AD3d 867, 868, quoting Matter of Gray v Varone, 101 AD3d 1122, 1123; see Matter of Sands v Sands, 174 AD3d 628, 629). "'First, [the court] must find standing based on death or equitable circumstances," and "[i]f [the court] concludes that the grandparents have established the right to be heard, then it must determine if visitation is in the best interest of the grandchild" (Matter of E.S. v P.D., 8 NY3d 150, 157, quoting Matter of Emanuel S. v Joseph E., 78 NY2d 178, 181; see Matter of Marchant v Marchant, 185 AD3d 1035, 1036).
"In considering whether a grandparent has standing to petition for visitation based upon 'circumstances show[ing] that conditions exist which equity would see fit to intervene' (Domestic Relations Law § 72[1]), 'an essential part of the inquiry is the nature and extent of the grandparent-grandchild relationship,' among other factors" (Matter of Lipton v Lipton, 98 AD3d 621, 621, quoting Matter of Emanuel S. v Joseph E., 78 NY2d at 182; see Sands v Sands, 174 AD3d at 629; Matter of Moskowitz v Moskowitz, 128 AD3d 1070, 1070). In cases where such a relationship [*2]has been frustrated by a parent, the grandparent must show, inter alia, that he or she has made a "sufficient effort to establish [a relationship with the child], so that the court perceives [the matter] as one deserving the court's intervention" (Matter of Emanuel S. v Joseph E., 78 NY2d at 182; see Matter of Lipton v Lipton, 98 AD3d at 621-622). "In assessing the sufficiency of the grandparent's efforts, 'what is required of grandparents must always be measured against what they could reasonably have done under the circumstances'" (Sands v Sands, 174 AD3d at 629, quoting Matter of Emanuel S. v Joseph E., 78 NY2d at 183; see Galizia v Drucker, 185 AD3d 1030, 1031-1032; Matter of Lipton v Lipton, 98 AD3d at 622).
Here, the Family Court's determination that the grandmother lacked standing is supported by the record. Under the circumstances of this case, equitable considerations did not warrant judicial intervention for the visitation she sought (see Matter of Marchant v Marchant, 185 AD3d at 1036; Matter of McAvoy v McAvoy, 155 AD3d at 868; Matter of Fondanarosa v Grimm, 58 AD3d 840, 841; Matter of Kenderes v Norton, 22 AD3d 852, 853; cf. Matter of Feldman v Torres, 117 AD3d 1048, 1048-1049; Matter of Waverly v Gibson, 79 AD3d 897, 899). Accordingly, we agree with the Family Court's determination, in effect, denying the petition and dismissing the proceeding.
SCHEINKMAN, P.J., DILLON, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court