Matter of Noguera v Busto (2020 NY Slip Op 07385)





Matter of Noguera v Busto


2020 NY Slip Op 07385


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2019-10156
 (Docket No. V-16636-18)

[*1]In the Matter of Monica Busto Noguera, appellant,
v
Loana Norali Noguera Busto, et al., respondents.


Simpson Thacher & Bartlett LLP, New York, NY (Mary Beth Forshaw, Sara Luz Estela, and Susan M. Cordaro of counsel), for appellant.
Sullivan & Cromwell LLP, New York, NY (Sharon Cohen Levin of counsel), for respondent Loana Norali Noguera Busto.
Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for respondent Andres Loaiza.
Chinyere Eze-Nliam, P.C., Jamaica, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the maternal grandmother appeals from an order of the Family Court, Queens County (Robert D. Mulroy, J.), dated August 1, 2019. The order, upon a decision of the same court dated July 31, 2019, made after a hearing, found that the maternal grandmother lacked standing to seek visitation with the subject child and dismissed the petition. The notice of appeal from the decision is deemed to be a notice of appeal from the order (see CPLR 5512[a]).
ORDERED that the order is reversed, on the facts, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for further proceedings in accordance herewith.
The child in this matter was born in 2009. In 2012, while child custody proceedings were pending in the Family Court, the mother fled to Argentina with the child without the father's permission. The father enlisted the aid of the police, the Federal Bureau of Investigation, and the United States Department of State to locate the child. As a result of these efforts, in 2018, the child was returned to the father's care in the United States. Thereafter, the petitioner, the maternal grandmother, commenced this proceeding seeking visitation with the child. After a hearing, the Family Court dismissed the petition on the ground that the grandmother did not have standing. The grandmother appeals.
"When a grandparent seeks visitation pursuant to Domestic Relations Law § 72(1), the court must make a two-part inquiry" (Matter of Galizia v Galizia, 151 AD3d 851, 852). The court must first determine if the grandparent has standing, based on death or equitable circumstances, and if it determines that the grandparent has established standing, it must then determine whether [*2]visitation is in the best interests of the child (see Domestic Relations Law § 72[1]; Matter of Merchant v Merchant, 185 AD3d 1035).
"Standing [based upon equitable circumstances] should be conferred by the court, in its discretion, only after it has examined all the relevant facts" (Matter of Emanuel S. v Joseph E., 78 NY2d 178, 182). "[A]n essential part of the inquiry is the nature and extent of the grandparent-grandchild relationship" (id. at 182). "It is not sufficient that the grandparents allege love and affection for their grandchild" (id.). "They must establish a sufficient existing relationship with their grandchild, or in cases where that has been frustrated by the parents, a sufficient effort to establish one, so that the court perceives it as one deserving the court's intervention" (id.).
Here, the Family Court's determination that the grandmother lacked standing to seek visitation was not supported by a sound and substantial basis in the record (see Matter of Weiss v Weiss, 161 AD3d 992, 994). The evidence demonstrated that the grandmother developed a relationship with the child early on in his life and thereafter made repeated efforts to continue that relationship (see id. at 994; Matter of Vandenburg v Vandenburg, 137 AD3d 1498, 1499).
We note that "the issues of standing and best interests are usually so intertwined in . . . grandparent visitation cases as to make it difficult, if not impossible, to make a clear distinction" (Alan D. Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Domestic Relations Law C72:2). Although the grandmother may have been aware of the mother's misconduct, which deprived the father of contact with the child over a period of years, under the circumstances of this case, we find that her knowledge or participation in that misconduct, if any, does not deprive her of standing to seeking visitation. On the issue of standing, "[t]he evidence necessary will vary in each case but what is required of grandparents must always be measured against what they could reasonably have done under the circumstances" (Matter of Emanuel S. v Joseph E., 78 NY2d at 183).
Nevertheless, we conclude that any knowledge, acquiescence, or participation by the grandmother in the mother's misconduct is a factor to be weighed by the Family Court in the second step of the two-part inquiry, i.e., whether visitation is in the best interests of the child (see Matter of Weiss v Weiss, 161 AD3d at 994). Further, under the circumstances of this case, the court should conduct an in camera interview with the child as part of its proceedings to determine whether visitation with the grandmother is in the child's best interests (see Matter of David v LoPresti, 176 AD3d 701, 703).
Accordingly, we remit the matter to the Family Court, Queens County, for further proceedings on the grandmother's petition, including an in camera interview with the child to aid in the court's determination as to whether awarding the grandmother visitation would be in the best interests of the child.
MASTRO, J.P., ROMAN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court