Matter of Kelly v Cairo (2021 NY Slip Op 05855)





Matter of Kelly v Cairo


2021 NY Slip Op 05855


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2021-01510
 (Docket No. V-8519-20)

[*1]In the Matter of Ingrid Kelly, appellant,
v
Michael Cairo, et al., respondents.


Stein & Stein, P.C., Smithtown, NY (Peter C. Stein of counsel), for appellant. 
Mace H. Greenfield, Melville, NY, for respondents. 
Ronna L. DeLoe, Larchmont, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the paternal grandmother appeals from an order of the Family Court, Suffolk County (Heather P.S. James, Ct. Atty. Ref.), dated November 20, 2020. The order, without a hearing, granted the parents' motion to dismiss the petition pursuant to Domestic Relations Law § 72(1) for grandparent visitation with the subject child, and dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
"'Standing [based on equitable circumstances] should be conferred by the court, in its discretion, only after it has examined all the relevant facts'" (Matter of Noguera v Busto, 189 AD3d 1050, 1051, quoting Matter of Emanuel S. v Joseph E., 78 NY2d 178, 182). "'[A]n essential part of the inquiry is the nature and extent of the grandparent-grandchild relationship'" (Matter of Noguera v Busto, 189 AD3d at 1051, quoting Matter of Emanuel S. v Joseph E., 78 NY2d at182; see Matter of Gagliardi v Ciccone, 188 AD3d 1203, 1204; Matter of Marchant v Marchant, 185 AD3d 1035, 1036; Matter of Lipton v Lipton, 98 AD3d 621, 621). In cases where the relationship between the grandparent and grandchild has been frustrated by a parent, the grandparent must show, inter alia, that he or she "has made a 'sufficient effort to establish [a relationship with the child], so that the court perceives [the matter] as one deserving the court's intervention'" (Matter of Rodriguez v Concepcion, 188 AD3d 1217, 1218, quoting Matter of Emanuel S. v Joseph E., 78 NY2d at 182; see Matter of Noguera v Busto, 189 AD3d at 1051). "[T]he sufficiency of the grandparent's efforts is measured against what they could have reasonably done under the circumstances" (Matter of Gagliardi v Ciccone, 188 AD3d at 1204; see Matter of Emanuel S. v Joseph E., 78 NY2d at 182; Matter of Sands v Sands, 174 AD3d 628, 629; Matter of Lipton v Lipton, 98 AD3d at 621-622). "'A hearing to determine the issue of standing is not necessary where there are no triable issues of fact raised in the submitted papers'" (Matter of Sands v Sands, 174 AD3d at 630, quoting Matter of Broomfield v Evans, 140 AD3d 748, 749).
Here, equitable considerations do not warrant judicial intervention to confer standing upon the paternal grandmother. Although the petition alleged that the paternal grandmother developed a relationship with the subject child in her first few years of life before a dispute led the [*2]parents to cease contact with the paternal grandmother, it is undisputed that the paternal grandmother undertook no efforts to communicate with the child for approximately two years prior to commencing this proceeding (see Matter of Emanuel S. v Joseph E., 78 NY2d at 182; Matter of Rodriguez v ACS-Kings, 169 AD3d 693, 694; cf. Matter of Vandenburg v Vandenburg, 137 AD3d 1498; Matter of Fitzpatrick v Fitzpatrick, 137 AD3d 784, 784). Accordingly, the Family Court properly granted, without a hearing, the parents' motion to dismiss the petition, and dismissed the proceeding.
RIVERA, J.P., IANNACCI, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court