Matter of Kushner v Askinazi (2022 NY Slip Op 05690)

Matter of Kushner v Askinazi

2022 NY Slip Op 05690

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2021-04548
2021-04549
 (Docket Nos. V-18766-19, V-18767-19)

[*1]In the Matter of Denise Kushner, appellant,
v
Lisa K. Askinazi, et al., respondents.

Christian P. Myrill, Jamaica, NY, for appellant.
Lauri Gennusa, Laurelton, NY, for respondent Scott E. Askinazi.
Janis A. Parazzelli, Floral Park, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the paternal grandmother appeals from (1) an order of the Family Court, Queens County (Lauren Norton Lerner, Ct. Atty. Ref.), dated April 29, 2021, and (2) an order of dismissal of the same court, also dated April 29, 2021. The order, without a hearing, granted the mother's motion to dismiss the petitions for grandparent visitation with the subject children. The order of dismissal dismissed the petitions with prejudice.
ORDERED that the appeals from so much of the orders as relate to the child Zoe A. are dismissed as academic, without costs or disbursements, as that child has reached the age of majority; and it is further,
ORDERED that the orders are affirmed insofar as reviewed, without costs or disbursements.
The petitioner (hereinafter the grandmother) is the paternal grandmother of the subject children. In September 2019, the grandmother filed petitions seeking grandparent visitation with the children. The Family Court granted the mother's motion to dismiss the petitions without a hearing. The grandmother appeals.
Initially, the appeals from so much of the orders as relate to the child Zoe A. must be dismissed as academic, as that child has reached the age of majority and can no longer be the subject of a custody or visitation order (see Matter of Rodriguez v Sabbat, 185 AD3d 938, 940).
Domestic Relations Law § 72 "does not create an absolute or automatic right of visitation. Instead, the statute provides a procedural mechanism for grandparents to acquire standing to seek visitation with a minor grandchild" (Matter of Marchant v Marchant, 185 AD3d 1035, 1035-1036 [internal quotation marks omitted]; see Matter of E.S. v P.D., 8 NY3d 150, 157). Thus, "when grandparents seek visitation under section 72(1), the court must undertake a two-part inquiry. First, the court must find standing based on death or equitable circumstances; and if the court [*2]concludes that the grandparents have established the right to be heard, then it must determine if visitation is in the best interest of the grandchild" (Matter of Marchant v Marchant, 185 AD3d at 1036 [brackets and internal quotation marks omitted]; see Matter of Noguera v Busto, 189 AD3d 1050, 1051).
"'Standing [based on equitable circumstances] should be conferred by the court, in its discretion, only after it has examined all the relevant facts'" (Matter of Kelly v Cairo, 198 AD3d 964, 964, quoting Matter of Noguera v Busto, 189 AD3d at 1051 [internal quotation marks omitted]). "[A]n essential part of the inquiry is the nature and extent of the grandparent-grandchild relationship" (Matter of Emanuel S. v Joseph E., 78 NY2d 178, 182; see Matter of Noguera v Busto, 189 AD3d at 1051). "In cases where the relationship between the grandparent and grandchild has been frustrated by a parent, the grandparent must show, inter alia, that he or she has made a sufficient effort to establish a relationship with the child, so that the court perceives the matter as one deserving the court's intervention" (Matter of Kelly v Cairo, 198 AD3d at 965 [brackets and internal quotation omitted]; see Matter of Emanuel S. v Joseph E., 78 NY2d at 182). "[T]he sufficiency of the grandparent's efforts is measured against what they could have reasonably done under the circumstances" (Matter of Kelly v Cairo, 198 AD3d at 965 [internal quotations marks omitted]; see Matter of Emanuel S. v Joseph E., 78 NY2d at 182). Moreover, a court should consider "the nature and basis of the parents' objection to visitation" in deciding the standing question (Matter of Emanuel S. v Joseph E., 78 NY2d at 182). "A hearing to determine the issue of standing is not necessary where there are no triable issues of fact raised in the submitted papers" (Matter of Kelly v Cairo, 198 AD3d at 965 [internal quotation marks omitted]; see Matter of Sands v Sands, 174 AD3d 628, 630).
Here, equitable considerations do not warrant judicial intervention to confer standing upon the grandmother. Although the petitions alleged that the grandmother had a relationship with the child E. A. from his birth until 2015, it is undisputed that the last time the grandmother saw the child was in 2015, and that she took no steps to contact him during the four years prior to commencing these proceedings (see Matter of Emanuel S. v Joseph E., 78 NY2d at 182; Matter of Kelly v Cairo, 198 AD3d at 965; Matter of Rodriguez v ACS-Kings, 169 AD3d 693, 694). Moreover, the mother objected to visitation with the grandmother because E. A. indicated that he did not want a relationship with her.
Accordingly, the Family Court properly granted, without a hearing, that branch of the mother's motion which was to dismiss the petitions insofar as they related to the child E. A., and dismissed the proceedings insofar as they pertained to that child.
BRATHWAITE NELSON, J.P., MILLER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court