Matter of DeLeon v Westchester County Dept. of Social Servs. (2023 NY Slip Op 00660)

Matter of DeLeon v Westchester County Dept. of Social Servs.

2023 NY Slip Op 00660

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2022-00804
 (Docket Nos. V-11011-19, V-11102-19, V-11103-19, V-11104-19)

[*1]In the Matter of Carmen DeLeon, appellant,
v
Westchester County Department of Social Services, respondent.

Karen M. Jansen, White Plains, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Jason S. Whitehead of counsel), for respondent.
Steven Ranellone, White Plains, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the maternal grandmother appeals from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), dated January 28, 2022. The order, after a hearing, denied the maternal grandmother's petitions pursuant to Domestic Relations Law § 72(1) for grandparent visitation with the subject children and dismissed the proceedings.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner (hereinafter the grandmother) is the biological maternal grandmother of the subject children, who were all placed in foster care. The parental rights of the children's parents were terminated in proceedings pursuant to Social Services Law § 384-b. The grandmother subsequently filed petitions pursuant to Domestic Relations Law § 72(1) seeking grandparent visitation with the children. After a hearing, the Family Court determined that the grandmother lacked standing and that, in any event, visitation was not in the children's best interests, denied the petitions, and dismissed the proceedings. The grandmother appeals.
A biological grandparent may seek visitation with children even after parental rights have been terminated or the children have been freed for adoption (see People ex rel. Sibley v Sheppard, 54 NY2d 320, 326; Matter of Weiss v Orange County Dept. of Social Servs., 142 AD3d 505, 505-506). "'When a grandparent seeks visitation pursuant to Domestic Relations Law § 72(1), the court must make a two-part inquiry'" (Matter of McAvoy v McAvoy, 155 AD3d 867, 868, quoting Matter of Gray v Varone, 101 AD3d 1122, 1123; see Matter of Sands v Sands, 174 AD3d 628, 629). "'First, [the court] must find standing based on death or equitable circumstances,'" and "'[i]f [the court] concludes that the grandparents have established the right to be heard, then it must determine if visitation is in the best interest of the grandchild'" (Matter of E.S. v P.D., 8 NY3d 150, 157, quoting Matter of Emanuel S. v Joseph E., 78 NY2d 178, 181; see Matter of Marchant v Marchant, 185 AD3d 1035, 1036).
"In considering whether a grandparent has standing to petition for visitation based upon circumstances showing that conditions exist which equity would see fit to intervene, an essential part of the inquiry is the nature and extent of the grandparent-grandchild relationship, among other factors" (Matter of Lipton v Lipton, 98 AD3d 621, 621 [alterations, citation, and internal quotation marks omitted]; see Sands v Sands, 174 AD3d at 629; Matter of Moskowitz v Moskowitz, 128 AD3d 1070, 1070).
The Family Court's determination that the grandmother lacked standing is supported by the record. Under the circumstances of this case, equitable considerations did not warrant judicial intervention for the visitation she sought (see Matter of Marchant v Marchant, 185 AD3d at 1036; Matter of McAvoy v McAvoy, 155 AD3d at 868; Matter of Seasia D. [Kareem W.], 75 AD3d 548, 552). In any event, visitation would not be in the best interests of the children (see Matter of Marchant v Marchant, 185 AD3d at 1036).
Accordingly, the Family Court properly denied the petitions and dismissed the proceedings.
IANNACCI, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court