Matter of Teresa S. v Christopher H. (2024 NY Slip Op 06050)

Matter of Teresa S. v Christopher H.

2024 NY Slip Op 06050

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2023-03468
 (Docket Nos. V-2965-22, V-2966-22)

[*1]In the Matter of Teresa S. (Anonymous), petitioner- respondent, 
v
Christopher H. (Anonymous), et al., respondents; Kristen H. (Anonymous), et al., nonparty-appellants.

Ronna L. DeLoe, Larchmont, NY, attorney for the child nonparty-appellant Kristen H.
Steven P. Forbes, Huntington, NY, attorney for the child nonparty-appellant Kassidy H.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the children separately appeal from an order of the Family Court, Suffolk County (Catherine E. Miller, Ct. Atty. Ref.), dated March 6, 2023. The order, after a hearing, granted the grandmother's petition for visitation with the children and set a schedule for visitation.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the grandmother's petition for visitation is denied.
Domestic Relations Law § 72 "does not create an absolute or automatic right of visitation. Instead, the statute provides a procedural mechanism for grandparents to acquire standing to seek visitation with a minor grandchild" (Matter of Marchant v Marchant, 185 AD3d 1035, 1035-1036 [internal quotation marks omitted]; see Matter of E.S. v P.D., 8 NY3d 150, 157). Thus, "when grandparents seek visitation under section 72(1), the court must undertake a two-part inquiry. First, the court must find standing based on death or equitable circumstances; and if the court concludes that the grandparents have established the right to be heard, then it must determine if visitation is in the best interest of the grandchild" (Matter of Marchant v Marchant, 185 AD3d at 1036 [brackets and internal quotation marks omitted]; see Matter of Noguera v Busto, 189 AD3d 1050, 1051). "[T]he courts should not lightly intrude on the family relationship against a fit parent's wishes" (Matter of E.S. v P.D., 8 NY3d at 157). "Indeed, it is strongly presumed that a fit parent's decisions are in the child's best interests" (Matter of Quinn v Heffler, 102 AD3d 876, 876).
The determination of whether to permit visitation with a grandparent is generally within the sound discretion of the trial court based upon the best interests of the child (see Matter of Shimunov v Davydov, 179 AD3d 812, 813). However, this Court's authority in visitation matters is as broad as that of the trial court, and while the trial court has an advantage in being able to observe the demeanor and assess the credibility of witnesses, this Court will not allow a visitation determination to stand where it lacks a sound and substantial basis in the record (see Matter of Cox v Cruz, 176 AD3d 1200, 1200-1201).
Here, the Family Court providently exercised its discretion in determining that the grandmother had standing to petition for visitation, and the children do not challenge that finding on appeal. However, the court's determination to grant the petition was an improvident exercise of discretion, because the record established that visitation with the grandmother was not in the best interests of the children. The record established that the parents' objections to visitation were well founded (see Matter of Quinn v Heffler, 102 AD3d 876). The grandmother engaged in conduct that showed that visitation was not in the best interests of the children. Accordingly, we reverse the order and deny the grandmother's petition.
CONNOLLY, J.P., IANNACCI, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court