Matter of Liebling v Prussman (2025 NY Slip Op 00962)

Matter of Liebling v Prussman

2025 NY Slip Op 00962

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2024-01234
 (Docket No. V-4711-22)

[*1]In the Matter of Sandra Liebling, appellant,
v
Miriam Prussman, et al., respondents.

Michael E. Lipson, Garden City, NY, for appellant.
Kyle Sosebee, Brooklyn, NY, for respondent Stanley Saunders.
Elliot Green, Brooklyn, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the maternal grandmother appeals from an order of the Family Court, Kings County (Ilana Gruebel, J.), dated January 5, 2024. The order, after a hearing, denied the maternal grandmother's petition pursuant to Domestic Relations Law § 72(1) for grandparent visitation with the subject child and dismissed the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
The mother and the father, who were never married, are the parents of the subject child, born in 2014. From the time of the child's birth until 2018, the child resided with the mother and had daily contact with the father and regular contact with the maternal grandmother (hereinafter the grandmother). In 2018, a child protective proceeding was commenced against the mother and the child was removed from the mother's custody and placed with the father.
The grandmother subsequently filed a petition pursuant to Domestic Relations Law § 72(1) for grandparent visitation with the child. After a hearing, the Family Court concluded that the grandmother established standing to seek visitation, but that visitation was not in the child's best interest, and, thus, denied the petition and dismissed the proceeding. The grandmother appeals.
The Family Court providently exercised its discretion in determining that visitation with the grandmother would not be in the child's best interests. "The presumption that a fit parent's decisions are in the child's best interests is a strong one" and "the courts should not lightly intrude on the family relationship against a fit parent's wishes" (Matter of E.S. v P.D., 8 NY3d 150, 157; see Matter of Marchant v Marchant, 185 AD3d 1035, 1036). Here, the record established that the father's objections to visitation were well founded, particularly in light of the grandmother's conduct of denigrating the father in front of the child and facilitating the mother's contact with the child in violation of an order of protection (see Matter of Marchant v Marchant, 185 AD3d at 1036; People ex rel. Accomando v Kirschner-Melendez, 178 AD3d 944, 946; Matter of Quinn v Heffler, 102 AD3d 876, 876).
The grandmother's remaining contention is without merit.
IANNACCI, J.P., CHRISTOPHER, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court