Matter of Bell v Bell (2025 NY Slip Op 05078)

Matter of Bell v Bell

2025 NY Slip Op 05078

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2024-11058
 (Docket Nos. V-1269-22, V-1275-22)

[*1]In the Matter of Jacqueline Bell, appellant,
v
Derricka A. Bell, et al., respondents. 

Kenneth M. Tuccillo, Hastings on Hudson, NY, for appellant.
Thomas R. Villecco, New York, NY, for respondent Reubin Cornick.
Twyla Carter, New York, NY (Dawne A. Mitchell and Daniel Abdul-Malak of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the maternal grandmother appeals from an order of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated September 17, 2024. The order, after a hearing, denied the maternal grandmother's petitions pursuant to Domestic Relations Law § 72(1) for grandparent visitation with the subject children and dismissed the proceedings.
ORDERED that the order is reversed, on the law and the facts, without costs or disbursements, the petitions are reinstated, and the matter is remitted to the Family Court, Richmond County, for further proceedings in accordance herewith.
The petitioner (hereinafter the grandmother) is the maternal grandmother of the subject children. The grandmother filed petitions pursuant to Domestic Relations Law § 72(1) for grandparent visitation with the children. In an order dated September 17, 2024, the Family Court, after a hearing, denied the petitions and dismissed the proceedings for lack of standing. The grandmother appeals.
Domestic Relations Law § 72 "does not create an absolute or automatic right of visitation. Instead, the statute provides a procedural mechanism for grandparents to acquire standing to seek visitation with a minor grandchild" (Matter of Marchant v Marchant, 185 AD3d 1035, 1035-1036 [internal quotation marks omitted]; see Matter of E.S. v P.D., 8 NY3d 150, 157). "[W]hen grandparents seek visitation under section 72(1), the court must undertake a two-part inquiry. First, the court must find standing based on death or equitable circumstances; and if the court concludes that the grandparents have established the right to be heard, then it must determine if visitation is in the best interest of the grandchild" (Matter of Marchant v Marchant, 185 AD3d at 1036 [alterations and internal quotation marks omitted]; see Matter of Poznik v Salkin, 214 AD3d 663, 663-664).
Here, to the extent that the Family Court applied an incorrect standard by determining that the grandmother failed to demonstrate "extraordinary circumstances" to warrant visitation, we may reach a determination upon our examination of the facts and application of the correct legal standard (see Matter of Kruglov v Shatskaya, 218 AD3d 585; Matter of Broomfield v Evans, 140 [*2]AD3d 748, 749).
"Standing based on equitable circumstances should be conferred by the court, in its discretion, only after it has examined all the relevant facts" (Matter of Kushner v Askinazi, 209 AD3d 735, 736-737 [alteration and internal quotation marks omitted]). An essential part of the inquiry is the nature and extent of the grandparent-grandchild relationship (see Matter of Emanuel S. v Joseph E., 78 NY2d 178, 182). "'In cases where the relationship between the grandparent and grandchild has been frustrated by a parent, the grandparent must show, inter alia, that he or she has made a sufficient effort to establish a relationship with the child, so that the court perceives the matter as one deserving the court's intervention'" (Matter of Kushner v Askinazi, 209 AD3d at 737 [alterations omitted], quoting Matter of Kelly v Cairo, 209 AD3d 964, 965). The sufficiency of the grandparent's efforts is measured against what they could have reasonably done under the circumstances (see id.). "Moreover, a court should consider 'the nature and basis of the parents' objection to visitation' in deciding the standing question" (id., quoting Matter of Emanuel S. v Joseph E., 78 NY2d at 182).
Here, the Family Court's determination that the grandmother lacked standing to seek visitation was not supported by a sound and substantial basis in the record (see Matter of Noguera v Busto, 189 AD3d 1050, 1051). The evidence demonstrated that the grandmother developed a relationship with the children early on in their lives and thereafter made repeated efforts to continue the relationship (see Matter of Weiss v Weiss, 161 AD3d 992, 994).
Accordingly, we remit the matter to the Family Court, Richmond County, for further proceedings on the grandmother's petitions, including a hearing to determine if visitation is in best interest of the children.
IANNACCI, J.P., CHRISTOPHER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court