Matter of Chakraverty v Goodrich (2026 NY Slip Op 00371)

Matter of Chakraverty v Goodrich

2026 NY Slip Op 00371

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
LOURDES E. VENTURA, JJ.

2025-02502
 (Docket Nos. V-8722-24, V-8723-24)

[*1]In the Matter of Partha Chakraverty, appellant,
vDemure Goodrich, et al., respondents.

Hector L. Santiago, Kew Gardens, NY, for appellant.
Demure Goodrich and Darnell Goodrich, East Elmhurst, NY, respondents pro se.
Estelle J. Roond, Forest Hills, NY, attorney for the children.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the maternal grandfather appeals from an order of the Family Court, Queens County (Laura Norton Lerner, Ct. Atty. Ref.), dated January 27, 2025. The order, without a hearing, denied the maternal grandfather's petition pursuant to Domestic Relations Law § 72 for visitation with the subject children and dismissed the proceeding.
ORDERED that the order is affirmed, with one bill of costs payable by the appellant to the respondents.
In April 2024, the maternal grandfather (hereinafter the grandfather) filed a petition pursuant to Domestic Relations Law § 72 for visitation with the subject children. In an order dated January 27, 2025, the Family Court, without a hearing, denied the petition and dismissed the proceeding. The grandfather appeals.
"When a grandparent seeks visitation pursuant to Domestic Relations Law § 72(1), the court must make a two-part inquiry" (Matter of Sands v Sands, 174 AD3d 628, 629 [internal quotation marks omitted]; see Matter of E.S. v P.D., 8 NY3d 150, 157). "First, it must find that the grandparent has standing, based on, inter alia, equitable considerations" (Matter of Sands v Sands, 174 AD3d at 629 [internal quotation marks omitted]; see Matter of E.S. v P.D., 8 NY3d at 157). "'If it concludes that the grandparent has established standing to petition for visitation, then the court must determine if visitation is in the best interests of the child'" (Matter of Sands v Sands, 174 AD3d at 629, quoting Matter of Gray v Varone, 101 AD3d 1122, 1123; see Matter of Kushner v Askinazi, 209 AD3d 735, 736).
"Standing [based on equitable circumstances] should be conferred by the court, in its discretion, only after it has examined all the relevant facts" (Matter of Kelly v Cairo, 198 AD3d 964, 964 [internal quotation marks omitted]; see Matter of Emanuel S. v Joseph E., 78 NY2d 178, 182). "[A]n essential part of the inquiry is the nature and extent of the grandparent-grandchild relationship" (Matter of Rodriguez v ACS-Kings, 169 AD3d 693, 694 [internal quotation marks omitted]; see Matter of Emanuel S. v Joseph E., 78 NY2d at 182). "In cases where the relationship [*2]between the grandparent and grandchild has been frustrated by a parent, the grandparent must show, inter alia, that a sufficient effort was made to establish a relationship with the child, and the sufficiency of the grandparent's efforts is measured against what they could have reasonably done under the circumstances" (Matter of Gagliardi v Ciccone, 188 AD3d 1203, 1204; see Matter of Emanuel S. v Joseph E., 78 NY2d at 182; Matter of Lipton v Lipton, 98 AD3d 621, 622). "'A hearing to determine the issue of standing is not necessary where there are no triable issues of fact raised in the submitted papers'" (Matter of Sands v Sands, 174 AD3d at 630, quoting Matter of Broomfield v Evans, 140 AD3d 748, 749; see Matter of Rodriguez v ACS-Kings, 169 AD3d at 694).
Here, under the circumstances of this case, the Family Court properly determined that equitable considerations did not warrant judicial intervention to confer standing upon the grandfather (see Domestic Relations Law § 72; Matter of Poznik v Salkin, 214 AD3d 663, 664). The petition failed to allege facts that would show the existence of ongoing relationships with the children sufficient to establish standing (see Matter of Kelly v Cairo, 198 AD3d at 964; Matter of Rodriguez v ACS-Kings, 169 AD3d at 694; cf. Matter of Gagliardi v Ciccone, 188 AD3d at 1204).
Since the grandfather failed to allege facts sufficient to establish standing to petition for visitation, the issue of the best interests of the children need not be reached (see Matter of Rodriguez v ACS-Kings, 169 AD3d at 694; Matter of Broomfield v Evans, 140 AD3d at 749).
Accordingly, the Family Court properly denied the petition and dismissed the proceeding, without a hearing.
GENOVESI, J.P., CHRISTOPHER, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court